122 So.2d 205 (1960)
Lily KLEIN, Appellant,
v.
Maurice KLEIN, Appellee.
No. 59-567.
District Court of Appeal of Florida. Third District.
July 21, 1960.
*206 Sibley, Grusmark, Barkdull & King, Miami Beach, for appellant.
Hylan H. Kout, Miami Beach, for appellee.
CARROLL, CHAS., Judge.
The appellant Lily Klein sued the appellee Maurice Klein in the circuit court in Dade County seeking alimony unconnected with causes of divorce under § 65.10, Fla. Stat., F.S.A. Appellee answered and counterclaimed for divorce on the ground of extreme cruelty.
The appellant wife is 58 years old and the husband is 62. They were married in 1919 and separated on July 23, 1958, when the husband removed himself from their home. The cause was tried before the chancellor. His decree found the equities to be with the husband and granted him a divorce. The residence property and its furnishings were held to be owned by the parties in an estate by the entireties, and as tenants in common following the decree. The husband was required to make up certain delinquent mortgage and tax payments on the residence premises, but he was not required to pay more than his half of such expenses on the property subsequent to the decree. The wife was granted alimony in the amount of $40 a week.
Based on adequate assignments of error, the wife raises three points on the appeal. First, she contends that on the record she should have been granted a decree for separate maintenance. Second, that the husband failed to prove his alleged grounds of divorce, and third, that the amount allowed for alimony was inadequate under the facts and circumstances of the case.
On consideration of the record, briefs and arguments we find no need to disturb the chancellor's conclusions as challenged on the first two points. See Lauderdale v. Lauderdale, Fla.App. 1957, 96 So.2d 663.
On the third point, in claiming that the alimony allowance was inadequate, counsel for the appellant rely on a showing that the parties pursued a scale of living which they contend should have entitled the wife to more than she received under the decree. It appears from the record that during the last eight years the parties lived together the income tax returns showed the husband receiving an annual income averaging $3,000, but the annual expenditures on the home and for living expenses exceeded $8,000 per year; and that the source of that extra income was not explained by the husband.
On reviewing a question as to the correctness or reasonableness of a chancellor's allowance of alimony, made after trial of the cause before him, the appellate court should not substitute its judgment for that of the chancellor. Alimony awards should not be reversed or revised unless they represent an abuse of discretion or are unsupported by material competent evidence. See, e.g., Pross v. Pross, Fla. 1954, 72 So.2d 671. But when the wife's needs can be supplied by the husband, based on his income as it is established and disclosed by his living expenditures during prior years, then in the absence of a full disclosure by the husband showing his inability to pay, the wife should not be deprived of amounts she needs for her support because of a husband's contention of inability to pay, which is contrary to the manifest weight of the evidence bearing on the point. See McRae v. McRae, Fla. 1951, 52 So.2d 908; Garfield v. Garfield, Fla. 1952, 58 So.2d 166; *207 Jackson v. Jackson, 163 Pa.Super. 629, 63 A.2d 492.
Where the head of a family by supplying money over a period of years, establishes and maintains a standard of living on a certain financial level, it may be inferred, in the absence of a sufficient showing to the contrary, that he has a source of income or financial status sufficient to enable him to continue to maintain his spouse in substantially the same manner of living.
It was shown that during the last years the parties lived together the wife was supplied with $50 per week and the husband paid the expenses of the home. Appellant now points out that if she is required to pay her share of expenses of the home the amount of $40 a week which the decree furnished her would be grossly inadequate, in that her share of the carrying charges and fixed expenses of the home would take approximately one-half of her alimony award, leaving her less than enough upon which to subsist, and require her to live on a scale and condition substantially inferior to that which the defendant himself had established for her. That contention of the wife is supported by the record. Her alimony allowance was inadequate under the circumstances of the case.
We conclude that the decree should be affirmed except as to the award of alimony, as to which we reverse the decree and remand the cause with directions to the chancellor to further consider the matter of the alimony and to require the husband, in addition to the payments to the wife of $40 per week, to relieve the wife of the expense of the fixed charges and maintenance of the home property so long as she lives therein, and thereafter to furnish a suitable home for her or proportionately increase the amount of her alimony.
Affirmed in part and reversed in part and remanded with directions.
HORTON, C.J., and PEARSON, J., concur.