TILLMAN PEARSON, Judge.
Defendant, husband, appeals a final decree granting the appellee a divorce, alimony and child support In addition, the decree provided that the appellee and the children have the use of the jointly owned home. There were other provisions of the •decree but the only other part of the decree sought to be reviewed is as follows:
“In connection with the above described visitation rights and privileges, the defendant shall not take the minor children in an airplane other than a certified carrier * *
The points raised on this appeal urge ■error in that: (1) the financial provisions of the decree are an abuse of discretion -because appellant’s ability to pay was not proved; (2) the quoted prohibition as to air travel is an unwarranted restriction upon the father’s custody and not supported by the record.
 Under appellant’s first point it is argued that the record does not establish an income of more than his basic pay. He urges that the cause should be remanded to the lower court so that he can submit additional proof. We hold that appellant had a full opportunity to present his evidence. An appeal is not an appropriate remedy to rectify the appellant’s failure to adequately present evidence at trial. Our conclusion is that the appellant has not demonstrated that the financial provisions of the final decree are an abuse- of discretion. Rogoff v. Rogoff, Fla.App.1959, 115 So.2d 456.
 Appellant’s second point presents .an attractive proposition. He is a qualified aviator but not for a certified public carrier. It may well be that both he and his children would enjoy trips in a private plane piloted 'by the father. However, we must bear in mind that the question here is not whether we approve of the restriction on this type of activity but whether the restriction has a reasonable basis in the record grounded upon the chancellor’s concern for the welfare of the children. We hold the general restriction is supported by the dangers incident to the type of flights suggested here. We are certain the chancellor spent many hours on this case, both in an attempt at reconciliation and upon the merits. The chancellor may be relied upon in the future to carefully consider any petition to allow particular trips which are proved to be in accordance with the reasonable welfare of the children.
Affirmed.