183 So.2d 744 (1966)
Melvyne Wahnish SOMMERS, Appellant,
v.
Albert J. SOMMERS, Appellee.
No. 65-472.
District Court of Appeal of Florida. Third District.
March 1, 1966.
Rehearing Denied March 24, 1966.
*745 Hoffman & St. Jean, Miami Beach, for appellant.
Mac Mermell, Miami, for appellee.
Before CARROLL, BARKDULL and SWANN, JJ.
PER CURIAM.
This case has been before this court previously. See: Sommers v. Sommers, Fla. App. 1964, 169 So.2d 496, wherein we affirmed a decree of divorce but reversed that portion awarding a lump sum alimony as being inadequate, and returned the matter for further determination by the chancellor, indicating that the alimony should be increased either by a larger lump sum payment or by periodic installments. Thereafter, the matter came on for hearing subsequent to the entry of the mandate by this court, and the chancellor amended his final decree by eliminating the provision for $18,000.00 lump sum alimony and providing $200.00 a month as a periodic award of permanent alimony. This appeal has ensued, and the principal point urged for reversal is the inadequacy of the $200.00 monthly award, in view of the uncontradicted evidence that the needs of the wife were $940.00 a month and a previous finding by this court that the husband had the financial ability to respond in view of the fact that he was worth in excess of $50,000.00, a substantial portion of which was in liquid assets.
We find, on the status of the record, that the chancellor abused his discretion in the award. The accepted principles are that a divorced wife is entitled to alimony which will permit her to live in a manner commensurate with that provided by her husband during coverture, if he has the ability to pay. See: Klein v. Klein, Fla.App. 1960, 122 So.2d 205; Peteler v. Peteler, Fla.App. 1962, 145 So.2d 291; 27A C.J.S. Divorce § 236(1). There is no question of his ability to pay in this case; the evidence is uncontradicted as to the wife's needs and her listing of such needs should not have been ignored. See: Bergh v. Bergh, Fla.App. 1964, 160 So.2d 145.
Normally, it is the function of a chancellor to fix the amount of alimony in the exercise of his discretion, and the function of an appellate court is only to determine *746 whether or not this discretion was abused under the circumstances as reflected by the record. However, because of the recent death of the chancellor in this cause, this court is as able if not more so than the original chancellor's successor to fix the amount of alimony from the record.
So, therefore, we affirm the chancellor's decree finding that the wife was entitled to periodic alimony, but modify the award from $200.00 a month to $600.00 a month. In all other respects, the order here under review be and the same is hereby affirmed, except as modified by the increase.
Affirmed, as modified.