## BINKLEY v. BINKLEY.
No. 65-C-12399.

Circuit Court, Dade County.

June 10, 1966.

Philip V. Salmon, Coral Gables, for plaintiff.

Malcolm L. Kneale, Miami, for defendant.

JAMES LAWRENCE KING, Circuit Judge.

This cause came on to be heard upon final hearing on the complaint for divorce filed by the plaintiff, Louise A. Binkley, and the answer filed by the defendant, Jack C. Binkley. After careful consideration of the testimony of the various witnesses and exhibits produced on behalf of the parties, the pleadings, and the oral argument of counsel for the parties, the court finds — (a) the equities of the cause are with the plaintiff wife, (b) the plaintiff wife has established by competent proof the ground of extreme cruelty alleged by her in the complaint.

The parties were married in Fort Lauderdale in 1943 and have lived together as man and wife until their final separation on October 23, 1965. There were no children born as a result of this marriage. The parties were in substantial agreement that the defendant husband had, over a period of years, earned a good income and was able to provide a series of beautiful, expensive homes together with all the collateral benefits attendant upon a high standard of living. In recent years however, the defendant husband's contracting business has suffered severe reverses and the parties have been forced to move from one home to another

until the final foreclosure of their last residence. The wife presently resides with her married daughter (by a prior marriage) and the defendant husband has fixed for himself a small room in the back of a warehouse. It is from this room that he conducts his present business as an employee of another general contractor who is helping him get back "on his feet".

The U. S. individual income tax returns for 1962 (defendant's exhibit #3) reflect the defendant's total income to be $3,114.62; for 1963, $1,263.34; for 1964, a loss of $9,773.04; for 1965, a loss of $961.57. The husband is 59 years old and has a present income from salary, rent, mortgage payments and payments from a promissory note totaling $550 monthly. He is making an effort to pay off certain business indebtednesses, a mortgage on a warehouse jointly owned by the parties, and bank loans at the First National Bank of Miami totaling $414 monthly. The husband's net ability to pay alimony to his wife, as established in this record, is approximately $185 per month, not counting any personal expenses for the husband's personal maintenance, that is to say, this does not include any items of food, clothing, utilities, etc., for the husband. Conversely, the wife testified that her present needs are $538 per month including rent, food, electric, telephone, car insurance, etc.

Counsel for the plaintiff wife relies upon the authority of Klein v. Klein, Fla., 122 So.2d 205, to sustain plaintiff's position that the husband has undisclosed assets from which he could pay her sufficient funds to maintain her in the style to which she had been accustomed during the years when the husband was earning a substantial income. That case is distinguishable from the case at bar on the ground that in that case the testimony and evidence (as reflected by the opinion) demonstrated that the standard of living had been maintained by the husband throughout the marriage and up until the separation of the parties. Here the standard of living has steadily declined from a point where the husband, at one time, had a gross income of over $1,000,000 per year to the situation where he now lives in the back room of a warehouse.

The court was impressed with the candor and honesty of both parties and in particular the husband's statement that he would be ready and willing to do all in his power to provide for his wife, limited only by his present income.

It is therefore ordered, adjudged and decreed that —

(1) The prayers for relief in the original complaint for divorce filed by the wife be and they are hereby granted and the

parties be and they are hereby divorced, a vinculo matrimonii, of and from each other.

(2) The defendant be and he is hereby directed to pay to the plaintiff wife the sum of $100 per month as permanent alimony commencing June 15, 1966 and continuing until further order of this court. The defendant be and he is hereby directed to pay counsel of record for the plaintiff wife the sum of $600 as reasonable attorney fees for his professional services rendered to the wife herein.

(3) The court retains jurisdiction of this cause for the enforcement of the provisions of this decree.