LOPEZ, AQUILINO, Jr., Associate Judge.
This is an appeal from a divorce decree by the wife who was plaintiff below. The decree granted the wife custody of their minor child, ordered the defendant to pay the plaintiff $5,000 per year for the support and maintenance of the minor child and $5,000 per year as alimony. Defendant was also ordered to pay $4,500 to the plaintiff’s attorney and ordered the defendant to transfer a certain automobile to the plaintiff. The lower court denied the plaintiff the right to recover for alleged loans and contributions to the defendant’s business and for a share in proceeds of a loan placed on their home.
The provisions of the decree as to the divorce, custody of the child, support for the child and attorney’s fees are not questioned but the appellant challenges the provisions of the decree denying her claim for the alleged loans and contributions to the business and a share in the proceeds of the mortgage and also challenges the amount of alimony which she contends to be inadequate.
As to the claim for repayment of alleged loans to the defendant’s business and for her share in the mortgage proceeds resulting from the refinancing of the parties’ home, we are unable to agree with the appellant’s contention that the decree was not supported by substantial competent evidence. No useful purpose will be served by detailing the evidence. Gaer v. Gaer, Fla.App., 168 So.2d 789.
It is well settled that the matter of allowance of alimony and child support are within the sound discretion of the chancellor based on the evidence presented and due consideration of the needs of the wife and paying ability of the husband. The chancellor can also take into consideration the income and asset's of the wife which in this case are considerable. The burden is on the party seeking to disturb such allowance to show that the chancellor abused his discretion. Abuse of discretion has not been demonstrated. Furthermore, if altered circumstances in the future make the decreed alimony inadequate for the *632 wife’s needs, she may seek appropriate relief by modification under Section 65.15, Fla.Statutes, F.S.A., Rogoff v. Rogoff, Fla.App., 115 So.2d 456; Klaber v. Klaber, Fla.App., 133 So.2d 98; Heller v. Heller, Fla.App., 151 So.2d 35; Sommers v. Sommers, Fla.App., 183 So.2d 744.
No reversible error having been made to ■ appear the decree is affirmed.
Affirmed.