PER CURIAM.
The order under review in this cause is an outgrowth of domestic litigation. The appellee filed a complaint for divorce. The appellant employed several different counsel, attempted a reconciliation, and objected strenuously to certain temporary awards. The chancellor lent his efforts towards reconciliation, without success. No responsive pleadings being filed in accordance with an interlocutory order, he duly entered a decree pro confesso against the husband and, thereafter, proceeded to a final decree of divorce ex parte. Subsequently, the appellant moved to vacate the decree pro con-fesso and the final decree of divorce. The chancellor entered an order vacating the decree pro confesso and vacating those portions of the final decree relating to a division of property, allowances for alimony and support, but refused to disturb that portion of the final decree granting a divorce, adjudicating custody of the minor children of the parties, and awarding attorney’s fees. This order is here for review.
Once the chancellor exercised his discretion to set aside the decree pro confesso,[1] he should not piecemeal have vacated portions of the final decree but should have set it aside in its entirety. See: Adelhelm v. Dougherty, 129 Fla. 680, 176 So. 775; 19 Fla.Jur., Judgments and Decrees, § 499; Los Angeles County v. Lewis, 179 Cal. 398, 177 P. 154; Lohmann v. Lohmann, St. Louis, Mo.App.1952, 246 S.W.2d 368.
The order here under review is reversed with directions to vacate the remaining portions of the final decree, permit the appel-- *88 lant to further plead [if he so desires] within a time certain, and proceed to a final hearing upon due notice upon the issues as made by the pleading.
Reversed and remanded with directions.

. Florida Investment Enterprises, Inc. v. Kentucky Co., Fla.App.1964, 160 So.2d 783; Evans v. Hydeman, Fla.App.1964, 168 So.2d 183; Gordon v. Vaughan, Fla. App.1967, 193 So.2d 474.