208 So.2d 648 (1968)
Minna FARBMAN, Appellant,
v.
William FARBMAN, Appellee.
No. 67-461.
District Court of Appeal of Florida. Third District.
March 26, 1968.
Rehearing Denied April 23, 1968.
Louis Winter, Miami, for appellant.
Ferrell & Young, Miami, for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and BARKDULL, JJ.
PEARSON, Judge.
The appellant was the plaintiff and counterdefendant in the trial court. She is the former wife of the appellee. The trial court entered a decree divorcing the parties and retained jurisdiction for the purpose of settling all financial matters. Thereafter, the decree appealed, which is entitled "final order pertaining to alimony and children's support", was entered. On this appeal, appellant-former wife, contends the trial court erroneously set the amount of the alimony in an amount which was manifestly an abuse of discretion in view of her former husband's ability and her needs as reflected by the record.
The order appealed set the amount of alimony at $200 per month and provided for $100 per month for each of two children. One of the children is no longer living with the mother and by agreement the father is paying the appellant only $100 per month child support. The decree requires the wife to pay mortgage payments upon the home which is jointly owned by the parties. The first mortgage payment is in the amount of $171.10 per month and the second mortgage payment is $110.20 per month. At the time of the final decree the second mortgage had seven or eight payments remaining.
The clear intent of the final decree is that the wife may continue to use the jointly owned home as a residence for herself and the children. As regards the disposition of this property, the final decree provided:
"4. The plaintiff and the defendant while married, purchased a home as an estate by the entirety, located at 5620 Alton Road, Miami Beach, Dade County, *649 Florida, the legal description of the same being:
`Lot 12, Block 10, LAGORCE GOLF SUBDIVISION, according to the Plat thereof recorded in Plat Book 14, Page 43 of the Public Records of Dade County, Florida, including all furnishings and fixtures therein'.
Upon the entry of the final decree of divorce the parties became tenants in common by operation of law in the above described property. Either may bring a suit for partition or they may agree among themselves for a private sale of said property, if they so desire.
"5. When the above described real property is sold this Court will entertain a petition on behalf of the defendant to modify the provisions of this final order as to the amount of alimony and children's support to be paid to the plaintiff, it being the intention of this Court to take into consideration the amount the home is sold for and the financial condition of the defendant and the plaintiff at the time said above described property is sold.
"6. The plaintiff, MINNA FARBMAN, is ordered to make payment of the two mortgages on said above described property out of the proceeds she receives from the defendant promptly upon receipt of said payments."
The record establishes without controversy that for some five years prior to the filing of the suit for divorce, the appellee-husband had provided the appellant-wife with the sum of $700 per month with which to make the mortgage payments and run the home. In addition, the record contains an admission by the appellee-husband that the amount of $500 per month would, in his opinion, be the approximate amount necessary to maintain the home.
In the argument here, and before the trial court, the appellee contended that his demonstrated income was not sufficient to make a comparable provision for his wife after the divorce. The appellant is a 50 year old woman who has no special training in the difficult process of earning a living in the modern world. The appellee upon the other hand, has demonstrated for many years his ability to produce the funds necessary to support his wife and family. In the recent case of Massey v. Massey, Fla.App. 1967, 205 So.2d 1, we had to deal with a similar situation. This court concluded that the amount awarded in that instance was so low as to constitute an abuse of discretion. In the opinion, the court again reiterated the principle set forth in Klein v. Klein, Fla.App. 1960, 122 So.2d 205 where it was held:
"Where the head of a family by supplying money over a period of years, establishes and maintains a standard of living on a certain financial level, it may be inferred, in the absence of a sufficient showing to the contrary, that he has a source of income or financial status sufficient to enable him to continue to maintain his spouse in substantially the same manner of living."
We conclude, in the case now before us, that the record will not support the allowance of the sum of $200 as alimony and a requirement that therefrom the appellant pay the sum of $281.30 as mortgage payments on jointly held property. It will be observed that the payments on the mortgages accrue to the benefit of husband as well as the wife. A careful review of the record convinces us the decree must be modified to provide for payment by the appellee to the appellant of the sum of $300 per month as alimony; $100 per month support for the child remaining in the custody of the appellant, and in addition, the amended final decree should provide that the appellee must make the payments upon the second mortgage. This provision, that the payments upon the second mortgage shall be made by the appellee, is to be retroactive to the date of the order appealed, which is the fourth day of April 1967. The payments upon the second mortgage, which the appellant has already *650 made since the date of the decree appealed, shall be refunded to her by the appellee. In all other respects the decree appealed is affirmed. The cause is remanded to the trial court for the entry of an amended final decree incorporating the provisions for the support of the appellant wife as are herein set out.
Affirmed in part, reversed in part and remanded for the entry of an amended decree in accordance with directions.