216 So.2d 31 (1968)
Deanna PRESTON, Appellant,
v.
David PRESTON, Appellee.
No. 68-398.
District Court of Appeal of Florida. Third District.
October 29, 1968.
Rehearing Denied December 20, 1968.
*32 Joseph Rosenkrantz and Theodore M. Trushin, Miami Beach, for appellant.
Irving Cypen, Harris J. Buchbinder, Miami Beach, for appellee.
Before PEARSON, HENDRY and SWANN, JJ.
PEARSON, Judge.
This cause has been before us previously (Preston v. Preston, Fla.App. 1967, 201 So.2d 87). The present appeal is by Deanna Preston from a final judgment which, among other things, (1) granted her a divorce from the appellee, David Preston, defendant below; (2) granted her permanent custody of the parties' three children; (3) ordered the sale of all real property the parties owned by the entireties and a division of the proceeds of the sale equally between them; (4) ordered the husband to make an alimony payment of $25.00 per week and child support payments of $75.00 per week; and (5) ordered the husband to pay all necessary medical and dental expenses for the children and to provide an annual clothing allowance of $100.00 for each child.
The appellant urges first that the trial court erred in requiring the sale of the marital home owned by the parties. The appellant and the appellee owned jointly a number of parcels of real estate. As a general rule the trial court in a divorce action may not order the sale of jointly owned real estate without agreement of the parties or a pleading praying for partition. See Goodstein v. Goodstein, Fla.App. 1968, 212 So.2d 321, and cases cited therein. The appellant's brief states that the appellant neither objected to "nor appealed from that portion of the Final Judgment of Divorce requiring the sale of the other real property [i.e., other than the marital home] owned by the parties * * *." Under these circumstances we do not think the general rule is applicable to the present case.
The crux of the appellant's argument is that Florida appellate courts have often approved an award of the use and possession of the jointly owned former marital residence to the wife as an incident to the trial judge's power to award alimony and child support. See cases cited in Berger v. Berger, Fla.App. 1966, 182 So.2d 279, 280. See also Sutter v. Sutter, Fla.App. 1965, 172 So.2d 910. Section 61.08, Fla. Stat. (1967), F.S.A. (§ 65.08, Fla. Stat. [1965] F.S.A.), authorizes the chancellor to award the former matrimonial residence to the wife. See Kilian v. Kilian, Fla.App. 1957, 97 So.2d 201. Whether to make such an award is a matter particularly within the discretion of the chancellor. See Baker v. Baker, 94 Fla. 1001, 114 So. 661, 664 (1927). The appellant has not called our *33 attention to any case in which it has been held that the chancellor abused his discretion by refusing to grant to a former wife use and possession of the former marital residence. We therefore hold that the appellant has not demonstrated that it was error for the trial judge to refuse to award use and possession of the former marital home to her.
Appellant's points two, three, and four are argued together in the briefs and urge that alimony and child support payments awarded in the final judgment are so grossly inadequate as to constitute an abuse of discretion.
The appellee is the sole owner of a corporation. In effect, he sets his own salary. There is evidence that the corporation continues to make substantial profits. It is clear that for many years prior to their separation the parties lived at a high standard. The appellee provided each of the parties with a luxury automobile; the marital home was on a Biscayne Bay island where the residences are expensive. A servant helped the appellant to maintain the home, and the household expenses were liberally provided for by the appellee. Since the divorce, the appellant has been unable to maintain this high standard of living for herself and her children. But the appellee has continued to live at approximately the same high standard.
Unless he can demonstrate his inability, a divorced husband should be required to maintain his family at substantially the same living standard he himself has set for the family. See Klein v. Klein, Fla.App. 1960, 122 So.2d 205; Massey v. Massey, Fla.App. 1968, 205 So.2d 1; Farbman v. Farbman, Fla.App. 1968, 208 So.2d 648. We think that in failing to apply this principle to the situation outlined by the record in the present case, the trial judge abused his discretion. A review of the record convinces us that, because of the extremely poor health of the appellant and because of her need to maintain a separate home for herself and the children now that the marital residence is to be sold, the amount of alimony must be increased from $25.00 per week to $75.00 per week.
The appellant's third and fourth points question the soundness of the provisions for medical and dental expenses and clothing allowance for the children. Such provisions are temporary in nature; they are subject to change upon a showing to the court of a change in circumstances. The trial judge properly exercised his discretion in directing the appellee to provide for the children in the manner we described above. The appellant has not demonstrated an abuse of that discretion.
The appellant's fifth point urges that the trial judge erred in finding that there was no arrearage in temporary alimony and child support payments. Her sixth point urges that the trial judge erred in failing to find the appellee in contempt for not making required alimony and child support payments. The appellant has failed to demonstrate prejudicial error under either point. Similarly, the appellee has failed to demonstrate that the trial judge committed prejudicial error in awarding to the appellant the balance of marital funds held by her at the time the divorce proceedings were instituted. When we consider the adamant and contentious positions taken by each of the parties in this suit, we think the trial judge performed his arduous task remarkably well. His findings and orders provide an equitable foundation upon which the parties may rebuild their lives.
We affirm all provisions of the final judgment except the provision for alimony. We hereby direct that the first eight lines of paragraph five of the final judgment be stricken. In their stead the following shall appear:
"* * *
"5. That the defendant, DAVID PRESTON, shall pay to the plaintiff, DEANNA PRESTON, as alimony and support of the minor children, the sum *34 of $150.00 each and every week beginning on Friday March 8, 1968, and each and every Friday thereafter until further order of this Court. The alimony and child support payments shall be allocated in the following manner: one-half thereof as alimony for the wife and one-half thereof as support for the minor children."
The increase shall be retroactive to the effective date of the judgment, March 8, 1968. The remaining six lines of paragraph five, which deal with medical and dental expenses and a clothing allowance for the children, shall not be changed and shall remain in effect.
Judgment amended and, as amended, affirmed.