262 So.2d 731 (1972)
Myron Jay SINGER, Appellant,
v.
Eleanor B. SINGER, Appellee.
No. 71-1075.
District Court of Appeal of Florida, Third District.
May 30, 1972.
*732 Nicholson, Howard, Brawner & Lovett, Miami, for appellant.
Brunstetter, Murphy & Mesiano, and David Bolton, Coral Gables, for appellee.
Before PEARSON and CHARLES CARROLL, JJ., and NATHAN, RAYMOND G., Associate Judge.
PER CURIAM.
This is an appeal by the Husband from certain financial provisions in a Final Judgment of Dissolution of Marriage. The testimony discloses and the Judgment reflects that the Wife established two special equities; one in the sum of $7,323 which was earned by her for certain interior decorating work not at the marital home and the other in the sum of $16,953 which belonged to the Wife derived from the proceeds of an insurance policy for certain jewelry stolen from her which money was used by the Husband for business purposes. The trial judge awarded the Wife the Husband's equity in the jointly owned home and furnishings in satisfaction of such special equities found due to the Wife and satisfied the special equities by transfer of the property to her. The Husband argues error to which we agree. There is no evidence either to support any tracing of funds of the Wife into the acquisition of the home and furnishings or is there any contention that such is the case. The burden of proof is upon the Wife to sustain a special equity and to establish the same to the exclusion of a reasonable doubt that she had acquired either a legal or equitable interest in the property. See Lindley v. Lindley, Fla. 1955, 84 So.2d 17, and Tanner v. Tanner, Fla. App. 1967, 194 So.2d 702.
The Husband further assigned as error that the Court failed to grant the Husband's counterclaim for partition of the jointly owned home and furnishings of the parties and argues that such home of the approximate value of $180,000 exclusive of furnishings, with mortgage payments, taxes and maintenance of some $13,000 a year is unnecessary and that such *733 home should be sold pursuant to statutory provisions of the Florida Statutes. In view of these facts and further that the Wife did not establish a special equity in the jointly owned home and furnishings, the trial judge should have granted the Husband's counterclaim for partition and ordered the home sold. This procedure is proper in an action for dissolution. See Lubarr v. Lubarr, Fla.App. 1967, 199 So.2d 123. After partition the Wife should receive the sum established as her special equity out of the Husband's proceeds of sale of the home.
The Wife was awarded the sum of $750 per month as and for alimony and the sum of $1,750 per month as and for support money for the three minor children of the parties, such sum to be prorated at 33 1/3 per cent for each child. The Husband argues that the trial judge abused his discretion in the award of alimony and support payments in light of the nature and extent of the Husband's available income and of his limited capital assets.
One challenging an alimony and support money award for excessiveness has the burden of clearly demonstrating an abuse of discretion by the trial judge. See Sommers v. Sommers, Fla.App. 1964, 169 So.2d 496; Sommers v. Sommers, Fla.App. 1966, 183 So.2d 744; and Levison v. Levison, Fla.App. 1967, 193 So.2d 630. While the amount of alimony and support money awarded in this case appears substantial based on the Husband's present income, there was conflicting evidence as to the Husband's apparent income and capital assets which the trial judge resolved in favor of the Wife. We do not find that there was an abuse of discretion by the trial judge.
This cause is, therefore, remanded with directions consistent with this opinion.
Affirmed in part and reversed in part.