263 So.2d 277 (1972)
Lovie ROYAL, Appellant,
v.
Arthur H. ROYAL, Appellee.
No. 71-1307.
District Court of Appeal of Florida, Third District.
June 13, 1972.
*278 Shapiro, Fried, Weil & Scheer, Miami Beach, for appellant.
William W. Bailey, Miami, Fred R. Stanton, Miami Beach, and Edward D. Cowart, Miami, for appellee.
Before PEARSON and CHARLES CARROLL, JJ., and HOWELL, CHARLES COOK, Jr., Associate Judge.
PEARSON, Judge.
The question to be decided on this appeal is whether the trial judge abused his discretion in awarding alimony of $150.00 per month to the appellant-wife. The appellant is 60 years old, the appellee 71. The marriage was a second marriage for each party. It continued for approximately five years. Apart from receiving alimony, the appellant possesses no property and has no regular income, except that she owns the marital residence in common with her former husband and an undetermined portion of the furniture and furnishings of the residence. The final judgment contains no other financial provisions for appellant, and she is at present unemployable.
When the parties were married they were both poor, but during the marriage the husband received a bequest in excess of $200,000 from a grateful former employer. In her two points on appeal, appellant argues that the allowance of periodic alimony in the amount of $150.00 per month is insufficient to maintain the appellant in the manner established by the husband during the marriage but after the inheritance. Furthermore, she urges that this is an ideal case for a lump sum award of alimony because of the age and ill health of the appellee, and because the appellant helped to care for appellee's benefactor during a *279 time that the benefactor lived with the appellant and appellee.
The trial court did not err in refusing to grant lump sum alimony. Appellant's participation in the act of kindness to the aged benefactor cannot be said to constitute an equity in the inheritance which resulted from long and faithful service. See Yandell v. Yandell, Fla. 1949, 39 So.2d 554; Aufseher v. Aufseher, Fla. App. 1969, 217 So.2d 868.
We do hold that in view of the value of the assets of the appellee and the established needs of the appellant, the amount of the alimony allowed was not proper under the established guidelines. An appellate court will not interfere in the determination of the amount of alimony in the absence of a clear showing of an abuse of discretion. Singer v. Singer, Fla.App. 1972, 3rd D.C.A., 262 So.2d 731, filed May 30, 1972; Mufson v. Mufson, Fla.App. 1971, 245 So.2d 110; Tomaino v. Martz, Fla. App. 1965, 170 So.2d 468. However, we think that such a showing appears upon the undisputed facts of this record. Cf. Preston v. Preston, Fla.App. 1968, 216 So.2d 31; Massey v. Massey, Fla.App. 1967, 205 So.2d 1; Klein v. Klein, Fla.App. 1960, 122 So.2d 205. The record establishes that appellant's needs demand more than the amount allowed. The appellee has the ability to respond to these needs. Chastain v. Chastain, Fla. 1954, 73 So.2d 66; Sommers v. Sommers, Fla.App. 1966, 183 So.2d 744; Platt v. Platt, Fla.App. 1958, 103 So.2d 253. When a marriage is dissolved, it is the duty of the husband to provide for his divorced wife within the limits of her needs, his financial ability, and the standards established by himself during the marriage. Preston v. Preston, supra; Som-supra. See also Farbman v. Farbman, Fla.App. 1968, 208 So.2d 648; Parker v. Parker, Fla.App. 1966, 182 So.2d 498. Under the circumstances of a given case, a failure to follow the guidelines in determining the amount of alimony may amount to an abuse of discretion by the trial judge.
In the case of Sommers v. Sommers, supra, the appellee-husband possessed over $250,000 in assets. The appellant-wife was provided with a $200.00 monthly alimony award. In holding that the alimony payments of $200.00 were inadequate, the court stated:
* * * * * *
"... the principal point urged for reversal is the inadequacy of the $200.00 monthly award, in view of the uncontradicted evidence that the needs of the wife were $940.00 a month and a previous finding by this court that the husband had the financial ability to respond in view of the fact that he was worth in excess of $250,000.00, a substantial portion of which was in liquid assets.

"We find, on the status of the record, that the chancellor abused his discretion in the award. The accepted principles are that a divorced wife is entitled to alimony which will permit her to live in a manner commensurate with that provided by her husband during coverture if he has the ability to pay." (Emphasis supplied)
* * * * * *
In the case of Klein v. Klein, supra, the appellant-wife argued that the amount allowed for alimony was inadequate under the circumstances. In reversing the portion of the decree concerning alimony, the court stated:
* * * * * *
"On reviewing a question as to the correctness or reasonableness of a chancellor's allowance of alimony, made after trial of the cause before him, the appellate court should not substitute its judgment for that of the chancellor. Alimony awards should not be reversed or revised unless they represent an abuse of discretion or are unsupported by material competent evidence. See, e.g., Pross v. Pross, Fla. 1954, 72 So.2d 671. But when the wife's needs can be supplied by the husband, based on his income as it is established and disclosed by his living expenditures *280 during prior years, then in the absence of a full disclosure by the husband showing his inability to pay, the wife should not be deprived of amounts she needs for her support because of a husband's contention of inability to pay, which is contrary to the manifest weight of the evidence bearing on the point." (Emphasis supplied)
* * * * * *
We hold that under the circumstances of this case, allowing less than $250.00 per month as alimony to the appellant is an abuse of discretion. In order to prevent unnecessary court proceedings in this matter, we reverse the award of alimony and direct the trial court to execute an amended final judgment providing for the payment of $250.00 per month alimony. The amended judgment shall provide for the alimony accrued from the date of the judgment appealed, and shall provide for the payment of arrearages within a reasonable time to be set by the trial court.
Affirmed in part, reversed in part, and remanded.