PER CURIAM.
We are called upon to review the financial provisions of a final judgment dissolving the marriage of the parties. The points on appeal urge that in each instance the wife should have been treated more liberally. Our examination of the record in the light of the briefs convinces us, with with one exception, that the points presented do not present reversible error under the rules in Lindley v. Lindley, Fla.1955, 84 So.2d 17, and Singer v. Singer, Fla.App.1972, 262 So.2d 731.
The appellant’s second point urges error upon the failure of the trial court to award the wife her interest in savings totaling $30,000. The circumstances under which the monies accrued are that they were repayments of amounts loaned from the joint account of the parties to the husband’s business. When they were repaid by the business they were regarded as savings and were invested. As to some of the monies thus received, the court found as follows:
‡ ‡ ‡ # * *
“d) The Court finds that the four (4) $5,000 municipal bonds in the name of the husband are monies acquired and saved during the marriage, and, therefore, belong to the parties equally.”
* * * * * *
The appellant further urges that the court overlooked the fact that $20,000 was *398 collected during the marriage and deposited in a savings account. The appellee is unable to distinguish the legal status of the funds in the savings account from the status of the bonds in which the wife was given a one-half interest. The appellee urges instead that it was error to grant the appellant any of the funds, but no cross-assignment of error was filed. We conclude that upon the basis of the trial court’s findings, the court erred in failing to provide that the husband should pay to the wife the sum of $10,000 representing her one-half interest in the $20,000 placed in the savings account by the husband.
Thereupon, the judgment appealed is amended by adding a paragraph numbered 8 as follows:
“8. The husband shall transfer to the wife forthwith the sum of $10,000 representing the wife’s one-half interest in additional savings accrued during the marriage.”
The judgment as amended is affirmed.
Amended and affirmed.