314 So.2d 812 (1975)
Elvira Crutcher Field HARRISON, Appellant,
v.
John Cowles HARRISON, Appellee.
No. 74-1025.
District Court of Appeal of Florida, Third District.
June 17, 1975.
Rehearing Denied July 22, 1975.
*813 Rosenberg, Rosenberg, Reisman & Glass, Sibley, Giblin, Levenson & Ward, Miami, for appellant.
Pettigrew & Bailey, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
The appellant, Elvira Crutcher Field Harrison, was the wife of John Cowles Harrison. She seeks reversal of a final judgment dissolving their marriage of 26 years and, in the alternative, she brings for review the provisions of the final judgment which (1) denied her claim to a special equity in her husband's separate property and his interest in the marital residence, and (2) provided alimony which she claims to be legally insufficient under the circumstances of this case.
The trial judge found that the marriage was irretrievably broken; that finding is the object of the wife's first point in which she maintains that the court erred either in misconstruing or misapprehending the legal effects of the evidence. She urges that the sum total of the evidence showed that the marital difficulties were not so deep and substantial that a reasonable effort could not eradicate them. In Ryan v. Ryan, Fla. 1973, 277 So.2d 266, the Supreme Court, in response to certified questions, held that the matter of dissolution may not be a simple unilateral matter of one mate simply saying, "I want out." The court directed that all of the surrounding facts should be inquired into in order to arrive at a conclusion as to whether or not "the marriage has reached the terminal stage." Further, the court directed that the determination by the trial judge must establish that "in fact there is no further chance for the marriage to succeed."
The trial court's judgment in finding that the marriage was irretrievably broken is clothed with a presumption of correctness, and this court may not substitute its judgment for that of the trier of fact without a clear showing of error. Tyrrell v. Tyrrell, Fla.App. 1973, 281 So.2d 221. Therefore, we must view the record of the evidence before the trial judge in a light most favorable to his findings. Having thus proceeded, we find that there is evidence in this record that the marriage has been a difficult one for both of the parties over a period of several years. This case may well illustrate one of the difficulties which comes about as a result of the relatively new freedoms for wives within the marriage bond. The record shows a repeated assertion by the husband that the wife's independent activities outside the home, as a prominent political figure, caused him inconvenience and unhappiness. We need not now be concerned with whether or not this irritation on the part of the husband was justified. We can determine only that inasmuch as the judge found that the marriage was irretrievably broken, the evidence of this long continued source of irritation supports the court's findings. There is nothing in this record to show that the wife was not a good wife and a good mother, but there is evidence that the parties "grew apart" and built separate lives. They were possessed of substantial financial means. The husband had suffered a disabling injury. The wife did not find her home duties sufficient to occupy her active mind. As the demands of the wife's official position increased, there were more and more complaints from the husband as to the wife's inability to participate fully in their joint social life and her *814 inability to keep appointments with him when scheduled.
Under the circumstances of this case, we think that the trial judge's conclusion that there is little, if any, prospect that the parties will ever forgive and forget is supported by this record. We, therefore, find no error under appellant's point.
As has previously been stated, the parties to this marriage are not poor, but neither are they in that class of persons who have unlimited resources. Each received some money by inheritance. The husband, by application to a family business, earned a sufficient income for the parties to live on a very comfortable level. The parties have two children, both of whom have now reached majority. One of the children is still attending college.
Included in the judgment were provisions providing (1) for alimony to the wife (a) in a lump sum of $100,000.00 payable in equal, annual installments over ten years with the provision that the amount thereof be a charge against the estate of the husband in case he should pre-decease the wife and (b) $1,200.00 per month periodic alimony, and (2) for the wife to have the right for a period of one year to occupy the marital home held by the parties as a tenancy in common.
The wife's second point urges error upon the court's refusal to grant her a special equity in the husband's "separate property and his interest in the residence." The basis for this position is that Mrs. Harrison, in 1963, inherited three parcels of income property having a value of $114,000.00. Some portion of the inheritance and all of the income from this property were commingled with Mr. Harrison's assets. It is urged that because Mr. Harrison had a net worth of approximately $100,000.00 in 1963, the parties were in substantially the same financial position and that, therefore, they should be considered as partners as to all the assets accumulated. The wife now has an accumulated net worth of at least $210,000.00, exclusive of her interest in the home. The husband admits to a net worth of about $600,000.00 and a salary of $80,000.00 per year, to which bonuses have been added in past years.
The position advanced by the appellant in her claim of a special equity in Mr. Harrison's separate property is contrary to the law applied by this court in Singer v. Singer, Fla.App. 1972, 262 So.2d 731, where we pointed out that the burden of proof is upon the wife to sustain a special equity in the husband's property and that such a charge on his property must be established by clear and convincing proof. See Lindley v. Lindley, Fla. 1955, 84 So.2d 17. The wife's proof simply does not meet that standard in terms of the general assets of the husband.
The wife's claim to a special equity in the residence does show a traceable application of her separate property to the acquisition of the property. Therefore, we hold that her proof is sufficient to create a special equity. See Strauss v. Strauss, 1941, 148 Fla. 23, 3 So.2d 727, and this court's recent discussion of the subject in Hendricks v. Hendricks, Fla.App. 1975, 312 So.2d 792 (Case No. 74-1175, released May 20, 1975). We, therefore, find error demonstrated under the second point.
Mrs. Harrison's final point is as follows: "The court erred in abusing its discretion in awarding an insufficient amount of periodic alimony and awarding lump sum alimony in name only." It has been noted that during the course of this 26 year marriage, the parties enjoyed a high standard of living. They lived in an $80,000 residence and were members of exclusive country clubs. In addition, they traveled extensively in both this country and abroad. The trial judge recognized Mrs. Harrison's entitlement to alimony by awarding her $100,000 as lump sum alimony which he directed to be paid over a ten year period, and permanent periodic alimony of $1,200 per month. Mrs. Harrison *815 urges that in order to live in the style in which she and Mr. Harrison formerly lived, she will need a much higher award. No figure is suggested to this court, but we are requested to return the cause to the trial court for the assessment of a higher award.
We must not overlook the fact that a wife's separate assets must be taken into consideration in determining the amount of alimony needed. See Levison v. Levison, Fla.App. 1967, 193 So.2d 630. In the present instance, Mrs. Harrison possesses substantial funds and is not likely to be handicapped seriously in her chosen way of life during the remainder of her life. Nevertheless, if she is so handicapped at a future time and Mr. Harrison still retains the means with which to pay, the Florida Statutes provide for the reassessment of need at that time. It is clear that the initial responsibility for setting the amount of alimony proper upon a dissolution of marriage rests in the trial court. See Bosem v. Bosem, Fla. 1973, 279 So.2d 863.
Having reviewed this record in the light of the established law and the contentions made by the appellant, we find that no abuse of discretion has has been demonstrated under appellant's point three.
This cause is remanded to the trial court with directions to conduct such further proceedings as he shall find necessary to determine the amount of the wife's special equity in the marital residence in terms of the application of her separate property to the acquisition of the residence. Thereafter, the judge shall enter an amended final judgment identical with the judgment here appealed except that the amended judgment shall provide that upon the sale of the former marital residence the wife shall recover the amount of her special equity from the first proceeds of the sale and that the balance remaining shall be divided as provided by 689.15, Fla. Stat.
Affirmed in part, reversed in part and remanded.