WIGGINTON, Judge.
The husband appeals and the wife cross appeals the final judgment of dissolution of marriage and order awarding attorney’s fees. By the final judgment the trial court awarded to the wife, “[a]s lump sum alimony and in the equitable distribution of the assets of the parties,” the husband’s “right, title and interest” in and to the “Medical Center” property (excluding the husband’s personal property and medical practice equipment), the leases pertaining thereto, including the lease with the husband’s professional association, and rehabilitative alimony of $1,000 per month for eighteen months. However, the wife was denied any interest or special equity in the marital home. To the husband was awarded, “in the equitable distribution of the assets of the parties,” the wife’s interest in the “Ortega Racquet Club and Fitness Center” (the spa). By separate order, the husband’s motion for attorney’s fees was denied and he was directed to contribute to the payment of the wife’s attorney’s fee and costs the sum of $10,750.
Both parties argue that the trial court erred in failing to partition the medical center and spa properties and in failing to determine the special equities of either party in these properties. Both challenge the attorney’s fee award on predictably diametrically opposed grounds. Additionally, the wife alleges error in the amount of rehabilitative alimony and in the court’s failure to grant her a special equity in the marital home. Upon careful examination of the record in this cause, we affirm in part and reverse in part, and remand for further proceedings.
We affirm the court’s award of attorney’s fees to the wife, as there is ample evidence of the wife’s need and the husband’s ability to pay, to support it. We also affirm the award of rehabilitative alimony and the denial to the wife of any interest or equity in the marital home. The evidence supports the trial court’s decision and we find no abuse of discretion.
However, we reverse the trial court’s equitable distribution of the medical center and spa properties. In her amended counter-petition for dissolution of marriage, the wife prayed for a determination of her special equities in these properties and, inter alia, for partition of the properties. Although the husband’s petition for dissolution was more general, he prayed for an order “temporarily and permanently enjoining the wife from harassing, annoying or coming about the husband at his place or places of employment and from' coming about or interfering in the operation or management of his lawful business .... ” The wife included a similar prayer for relief in her counter-petition.
The record and transcript of the testimony elicited at the final hearing clearly establish conduct on the part of both parties to be so acrimonious as to warrant a complete severance of the relationship. Bird v. Bird, 385 So.2d 1090 (Fla. 4th DCA 1980). The dissolution plan carefully fashioned by the trial court, though admirably solomonic, has apparently placed the parties in a situation they mutually find to be intolerable. Both the husband, in his appeal, and the wife, in her cross appeal, argue for partition and a determination of their special equities in the property. We find ample evidence in the record indicating the wife made significant contributions to the purchase and/or construction and equipping of the medical center and spa properties. The trial court’s failure to recognize the wife’s special equities under these circumstances is reversible error. Landay v. Landay, 429 So.2d 1197 (Fla.1983); Swisher v. Swisher, 454 So.2d 83 (Fla. 1st DCA 1984). Consequently, we reverse and remand for further proceedings to effect a partition of the disputed property and a determination of the parties’ respective special equities, according to the Landay formula.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
JOANOS and BARFIELD, JJ., concur.