PER CURIAM.
This is an appeal by the wife Denise Darcel Smith from a final judgment of marriage dissolution. We affirm in part and reverse in part.
First, we find no merit in the wife’s point on appeal that the trial court erred in ordering that the real property in Goulds be held by both the husband and wife as tenants in common, rather than ordering that the lot be sold and the proceeds therefrom divided equally; no abuse of discretion has been shown in this ruling. Although there has been some history of domestic violence during this marriage, there has been no violence, threats of violence, or quarrels since the parties finally separated, and, consequently, there is no indication, as urged, that a tenant-in-common arrangement for this property would be unworkable. Accordingly, this aspect of the final judgment is affirmed. Compare Farrington v. Farrington, 390 So.2d 461 (Fla. 3d DCA 1980), rev: dismissed, 399 So.2d 1142 (Fla.1981) with Bowlin v. Bowlin, 458 So.2d 394 (Fla. 1st DCA 1984).
Second, we find merit, in part, in the wife’s point on appeal that the trial court erred in awarding the wife’s one-half interest in the marital home to the husband as a special equity. The marital home was brought into the marriage by the husband, and was initially held by the husband in his name with the wife waiving, in writing, all rights thereto. Subsequently, however, the marital home was transferred by the husband to the husband and wife as tenants by the entireties. This being so, it is clear that (1) there is a presumption that the marital home was marital property regardless of who paid for it, and (2) to establish a special equity in the wife’s one-half interest therein, the husband had the burden of overcoming this presumption by proving that a gift was not intended when he made the marital home entireties property. Robertson v. Robertson, 593 So.2d 491 (Fla.1991); § 61.075(3)(a)5, Fla.Stat. (1989). The trial court concluded that the husband had a special equity in the wife’s undivided one-half interest in the property without first determining whether the husband had overcome the presumption that the marital home was entireties property by proving that a gift of half of same to the wife by the husband was not intended; plainly, this was error. Beyond that, the trial court incorrectly required the husband to establish such special equity by only clear and convincing evidence, when the correct standard is beyond a reasonable doubt. Lindley v. Lindley, 84 So.2d 17, 20 (Fla.1955); Terreros v. Terreros, 531 So.2d 1058, 1059 (Fla. 3d DCA 1988); Antonini v. Antonini, 473 So.2d 739, 741 (Fla. 1st DCA 1985), rev. denied, 484 So.2d 7 (Fla.1986); Dutton v. Dutton, 379 So.2d 111, 112 (Fla. 3d DCA 1979); Storer v. Storer, 353 So.2d 152, 158 (Fla. 3d DCA 1977), cert. denied, 360 So.2d 1250 (Fla.1978); Singer v. Singer, 262 So.2d 731, 732 (Fla. 3d DCA 1972); Wollman v. Wollman, 235 So.2d 315, 316 (Fla. 3d DCA 1970); Green v. Green, 228 So.2d 112, 113 (Fla. 3d DCA 1969), cert. denied, 237 So.2d 538 (Fla. *372 1970). But see Dix v. Dix, 400 So.2d 1294 (Fla. 4th DCA 1981); Harrison v. Harrison, 314 So.2d 812, 814 (Fla. 3d DCA 1975), cert. denied, 334 So.2d 605 (Fla.1976); Abbott v. Abbott, 297 So.2d 608 (Fla. 2d DCA 1974) (2-1 decision). Accordingly, the award of the wife’s one-half interest in the marital home to the husband is reversed, and the cause is remanded to the trial court with directions (1) to determine the above-stated gift issue, and (2) to finally determine whether or not the above-stated special equity should be awarded to the husband utilizing the correct standard of proof.
Affirmed in part; reversed in part and remanded.