MAY, J.
The wife challenges a dissolution order, which declared her marriage irretrievably broken. The trial court entered the order after granting the wife’s motion to dismiss for lack of personal jurisdiction, and granting the husband’s motion to bifurcate the dissolution and equitable distribution issues. Several arguments are raised concerning the timing and manner in which the dissolution issue was set for final hearing. We agree that there was a failure to comply with the reasonable time requirement of Florida Rule of Family Procedure 12.440 and reverse. We decline to address the other procedural issues raised.
On August 17, 2001, the husband, a Florida resident, filed a petition for dissolution of marriage and served the wife at her place of residence in New York. The wife filed a motion to dismiss for lack of personal jurisdiction. She alleged that the husband had failed to comply with Florida’s long-arm statute. She filed an affidavit in support of her motion, in which she attested that the couple had lived in several countries over the course of the marriage. She had not lived with the husband in the State of Florida since 1989, and had not visited the State of Florida since 1990. The husband moved to bifurcate the issues.
The trial court held an evidentiary hearing on the motion to dismiss. On September 13, 2002, the court orally granted the wife’s motion to dismiss for lack of personal jurisdiction. At the same time, the court found that it had jurisdiction over the marital res and bifurcated the issues. At the conclusion of the hearing, the court suggested that the attorneys set the disso *183 lution matter for hearing on motion calendar.
On September 17, 2002, the husband’s attorney noticed the case for final hearing on the dissolution issue for September 20, 2002. On September 18, 2002, the wife faxed to the husband’s counsel an objection to the final hearing and an answer in which she denied that the marriage was irretrievably broken. She continued to object to personal jurisdiction.
At the hearing on September 20, 2002, the parties debated whether the wife was entitled to file an answer after she had successfully contested personal jurisdiction. The court then questioned whether the dissolution was uncontested.[1]
THE COURT: This is effectively an uncontested divorce; is it not?
MR. KAPNER: Well, it might be an uncontested divorce, but we’re not sure yet. We haven’t explored our options about whether to appeal or not to appeal, but the point is, even if it was uncontested, it still has to be set in the manner that the rules require. And if it’s not, it just would not be a valid hearing and not be a valid divorce.
THE COURT: That would certainly throw a big monkey wrench in how all divorces are scheduled in the state of Florida for the Appellate Courts to say that uncontested divorces require a notice of trial and an order setting trial.
MR. KAPNER: Well, it wouldn’t be because how many times have people objected to it being set like that, and if there is no objection, then there’s no objection and you can proceed like that. But if there is an objection, you have to follow the rules.
Thereafter, the court overruled the wife’s objection and proceeded with the final hearing. The wife did not personally attend, but her attorney was present and cross examined the husband on the relevant issue of whether the marriage was irretrievably broken. The court then ruled that the marriage was irretrievably broken and entered a final judgment of dissolution.
Florida Family Law Rule of Procedure 12.440(a) provides in pertinent part:
If the court finds the action ready to be set for trial, it shall enter an order setting the action for trial, fixing a date for trial, and setting a pretrial conference, if necessary. In the event a default has been entered, reasonable notice of not less than 10 days shall be given unless otherwise required by law. Trial shall be set within a reasonable time from the service of the notice for trial....
Here, the trial court granted the wife’s motion to dismiss as to the equitable distribution issue, but retained jurisdiction over the marital res to determine whether the marriage should be dissolved. See Shammay v. Shammay, 491 So.2d 284 (Fla. 3d DCA 1986); Arnstein v. Arnstein, 422 So.2d 1052 (Fla. 4th DCA 1982). The court orally ruled on September 13, 2002, but did not enter a written order until September. 19, 2002. The final hearing took place on September 20, 2002.
Florida Family Law Rule of Procedure 12.140 states that “[djefenses shall be governed by Florida Rule of Civil Procedure 1.140.” Florida Civil Procedure Rule 1.140 provides for service of an answer within twenty days. See Fla. R. Civ. P. 1.140(a)(1). However, when the pleader files a motion to dismiss rather than an answer, and the motion is denied, then *184 “the responsive pleadings shall be served within 10 days after notice of the court’s action ... unless a different time is fixed by the court_” Fla. R. Civ. P. 1.140(a)(2).
Here, the wife filed a motion to dismiss, which the trial court granted as to the equitable distribution issue, but in essence denied as to the dissolution issue on September 13, 2001. Pursuant to the rules, the wife was entitled to file a responsive pleading on the dissolution issue within ten days of the trial court’s denial. She did so on September 18, 2002, disputing that the marriage was irretrievably broken. Her answer rendered the dissolution issue contested.
While motion calendar is routinely used for uncontested dissolutions, and rightfully so, it is an unlikely forum for a contested dissolution matter. We agree with the trial court’s observation that to require adherence to the requirement of Florida Family Law Rule of Procedure 12.440 for uncontested divorces “would certainly throw a big monkey wrench in how all divorces are scheduled....” Nevertheless, in this contested divorce, the wife had only seven days from the court’s oral pronouncement on the motion to dismiss and only two days from the serving of her answer to prepare for a contested hearing. This is not a reasonable amount of time as required by Florida Family Law Rule of Procedure 12.440. See, e.g., Regalado v. Regalado, 748 So.2d 625 (Fla. 2d DCA 1999) (trial set in less than ten days held to be unreasonable).
Florida Rule of Civil Procedure 1.440 provides for a thirty-day period of time. We do not suggest that all hearings must be set beyond a thirty-day period of time; however, the time frame must be such that a party has a reasonable time to prepare. That did not occur in this case.
We therefore reverse the order of dissolution and remand the case to the trial court for the setting of a contested dissolution hearing within a reasonable time as contemplated by the rule.
WARNER, J., and ARAMONY, SUSAN, Associate Judge, concur.

. We note that counsel did not aid the court in determining whether the matter was contested. Neither counsel provided the court with a definitive answer to the court's inquiry.