983 So.2d 784 (2008)
Jennifer CANON, Appellant,
v.
Douglas WEISSMAN, Appellee.
No. 4D07-3844.
District Court of Appeal of Florida, Fourth District.
June 18, 2008.
Michael A. Hymowitz of Braverman & Hymowitz, Fort Lauderdale, for appellant.
Carin M. Porras of Brydger & Porras, LLP, Fort Lauderdale, for appellee.
SHAHOOD, C.J.
This is an appeal by Jennifer Canon, the wife, from a Final Judgment of Dissolution of Marriage. The seminal issue in this appeal is whether the trial court erred in conducting an "uncontested dissolution of marriage" hearing on the court's Uniform Motion Calendar. We reverse.
Appellee Douglas Weissman, the husband, filed a Petition for Dissolution of Marriage seeking enforcement of an antenuptial agreement.
The wife filed an Answer and Counter-Petition for Dissolution of Marriage, denying that the marriage is irretrievably broken but that if the court does find it to be irretrievably broken she seeks enforcement *785 of the antenuptial agreement and equitable distribution.
The husband filed a Notice of Hearing setting an "Uncontested Dissolution of Marriage" for the trial court's Uniform Motion Calendar. In response, the wife filed a Motion to Strike Notice of Hearing for Uncontested Hearing, contending that the marriage was not irretrievably broken.
At the hearing, the trial court swore in both parties and the husband testified. The husband claimed that the marriage was irretrievably broken and that he was willing to abide by the prenuptial agreement. Cross-examination was attempted but the questions were objected to and sustained by the court. The wife was not permitted to testify.
After the hearing, the trial court entered a Final Judgment of Dissolution of Marriage finding that the marriage was irretrievably broken and incorporated the antenuptial agreement into the judgment.
The wife urges that the trial court erred in conducting an "uncontested dissolution of marriage" hearing on its Uniform Motion Calendar where the matter was "contested" and the applicable rule of procedure for the setting of a divorce trial was not followed.
The husband argues that the trial court correctly found the marriage to be irretrievably broken and properly entered a final judgment dissolving the parties' marriage at a timely noticed motion calendar hearing. Both parties filed petitions seeking the dissolution of their marriage and both agreed that the antenuptial agreement was valid. The matter was therefore uncontested.
The trial court's judgment in finding that the marriage was irretrievably broken is clothed with a presumption of correctness, and this court may not substitute its judgment for that of the trier of fact without a clear showing of error. Therefore, we must view the record of the evidence before the trial judge in a light most favorable to his findings.
Harrison v. Harrison, 314 So.2d 812, 813 (Fla. 3d DCA 1975) (citation omitted).
We hold this dissolution proceeding to be contested. Contested dissolution cases are set for trial pursuant to Florida Family Law Rule of Procedure 12.440. Gerard v. Gerard, 855 So.2d 181 (Fla. 4th DCA 2003). Pursuant to rule 12.440, "[i]f the court finds the action ready to be set for trial, it shall enter an order setting the action for trial, fixing a date for trial, and setting a pretrial conference, if necessary," pursuant to rule 1.440, Florida Rules of Civil Procedure. Fla. Fam. L.R.P. 12.440(a).
In this case, there was no order finding the case ready to be set for trial. Rather, the husband filed his own notice for hearing. Even if the case was ready for trial, rule 1.440(c) requires a trial cannot be set less than thirty days from the service of the notice for trial. Here, the notice for final hearing was filed on August 16, 2007 and the hearing was held on August 29.
"While motion calendar is routinely used for uncontested dissolutions, and rightfully so, it is an unlikely forum for a contested dissolution matter." Gerard, 855 So.2d at 184.
We hold the trial court erred in conducting the final hearing for Dissolution of Marriage on its Uniform Motion Calendar after hearing testimony only from the husband. In addition, the trial court erred in not affording the wife the opportunity to fully cross-examine the husband and present her own testimony.
We remand for the trial court to conduct a Contested Dissolution of Marriage proceeding *786 in accordance with Florida Family Law Rule of Procedure 12.440.
Reversed and Remanded.
HAZOURI and DAMOORGIAN, JJ., concur.