**MAY B. DUPREE v. W. TALMAGE DUPREE**

28 So. (2nd) 907                                      January Term, 1947
January 28, 1947                                             En Banc

*Clayton & Arnow* and *Mabry, Reaves, Carlton, Anderson & Fields,* for appellant.

*Wallace E. Sturgis,* for appellee.

BUFORD, J.:

Appeal brings for review decree of the Chancellor entered subsequent to the going down of our mandate issued pursuant to our opinion and judgment in DuPree v. DuPree, 156 Fla. 457, 23 So. (2nd) 554.

In our opinion and judgment, supra, we determined in effect that (based on the findings of fact by the Court below, which we affirmed) the wife was entitled to a decree awarding her an equity in the estate of the husband as of the date of the filing of the bill for divorce.

Section 59.34 Fla. Statutes 1941 (same F.S.A.) provides:

"Judgment; Duty of Appellant Court in Its Determination of Causes.—It shall be the duty of the court on an appeal or writ of error to examine the record, to reverse or affirm the judgment, sentence or decree of the court below or to give such judgment, sentence or decree as the court below should have given, or as to it may appear according to law."

On the facts reflected in the record on the first appeal (which by the court below were found to exist) we might well

have entered the decree which these facts warranted. It appeared that the Chancellor had failed to award the wife any equity in the property, the title to which was in the husband but which had been accumulated by the joint efforts of the parties, and that the wife was entitled to a decree in this regard in conformity with our holding in Carlton v. Carlton, 78, Fla. 252, 83 So. 87; Engebretsen v. Engebretsen, 151 Fla. 373, 11 So. (2nd) 322, and like cases. Therefore, the decree was reversed with directions that further proceedings be had in the lower court to correct this error.

The appellant has presented several objections to the decree as entered by the lower court, but it appears not necessary for us to discuss the matters further than to say that the court erred in not providing in the decree that the husband W. Talmage DuPree, should account to May B. DuPree for ⅓ of the net profits derived from the property (that is from the sale of the citrus fruit for the years 1943-44, 1944-45 and 1945-46) which was held in the name of W. Talmage DuPree. If Mrs. DuPree was entitled to a part of the property held in the name of Mr. DuPree as of the date of filing of the suit, then she is certainly entitled to the proportionate share of the increment derived from that property since that date.

The record shows that the bill of complaint was filed on July 22, 1943, Therefore, the appellant is entitled to have an accounting from the appellee for one-third of the net profits realized from the groves in which she has been adjudicated to have a one-third interest and which have accrued or been realized between the date of the filing of the bill of complaint and the date of closing the accounting and payment by the appellee to the appellant for the amount of the aggregate of such part of such net profits if any be shown.

To accomplish this end, the court below may cause such testimony to be taken as may be needful in this regard and, thereupon direct the payment of such sum or sums as may be found to be due to the appellant by appellee as her one-third of the net profits derived from the groves involved.

It is made to appear by the statement of counsel for the respective parties to this proceeding at the bar of this court that an adjudication in partition of the property involved in

this suit will be necessary. It is therefore, ordered and adjudged that the court below may retain jurisdiction of this cause for the purpose of determining and adjudicating the right and interests of the parties arising out of or being properly connected with this litigation. To that end, the court may require the party to, by proper pleadings in this cause, present the issues necessary to the adjudication to effectuate partition of the involved property and to thereupon adjudicate and determine the same just as if this were an original suit in partition.

Our conclusion is that the determination of the Chancellor to the effect that Mrs. DuPree should have an equity of one-third of the property held in the name of Mr. DuPree finds some material basis in the record and, therefore, should not be disturbed. It is also our view that with the property settlement made in accordance with the views herein expressed the same should constitute a full and complete settlement of all rights and claims between the parties and that no more alimony or suit money should be paid by the husband for the benefit of the wife.

The cause is remanded with directions that the court below modify its orders and decrees of February 19, 1946, of April 11, 1946, and of April 12, 1946, so as to comply with the views herein expressed and, when so modified, said decree shall stand affirmed.

So ordered.

THOMAS, C. J., TERRELL, CHAPMAN and ADAMS, JJ., concur.