133 So.2d 98 (1961)
Annie Mae KLABER, Appellant,
v.
Carl E. KLABER, Appellee.
No. 2141.
District Court of Appeal of Florida. Second District.
September 15, 1961.
Rehearing Denied October 6, 1961.
*99 Walter Warren, Leesburg, for appellant.
Scofield, Bradshaw & Roberts, Inverness, and Cork & Daniel, Clermont, for appellee.
WHITE, Judge.
Appellant Annie Mae Klaber was granted a divorce as plaintiff below but takes exception to the determination of alimony and property rights as between her and her former husband, Carl E. Klaber. She further protests the allegedly inadequate allowance for the services of her attorney. The appellee has cross-assigned as error the alimony awarded and the allegedly excessive allowance for services of appellant's attorney. The divorce itself is not in issue. There are a total of twenty-eight assignments and cross-assignments of error, but only the few directed specifically to the foregoing issues are necessary for our consideration. The parties will be referred to according to their designation in the trial court.
The plaintiff in her original complaint prayed for alimony in a lump sum or in property. She later amended her complaint and asked to be awarded a one-half record interest in all the properties of the defendant, alleging that the parties were members of a general joint business enterprise orally entered into long before their marriage on March 18, 1954. She averred that she and the defendant agreed to pool their resources and to share equally in the fruits of their labors. The defendant denied such agreement. Careful scrutiny of the record discloses that the essential facts of the case are fairly embraced within the formal findings of the Chancellor filed preliminary to the final decree.
The litigants became acquainted in 1935 when the plaintiff was married to Austin Parrish and the defendant was married to Nell Klaber. An illicit relationship ensued. The plaintiff was divorced from Austin Parrish in 1941 at which time she had four children who were born to her during the course of that marriage. She now claims that two of these children are the children of Carl E. Klaber. Carl E. Klaber remained married to Nell Klaber and maintained a home with her or for her until her death in 1954, nineteen years after his rapprochement with the plaintiff and two months before his marriage to the plaintiff.
In 1939 the plaintiff and her four children, together with her then husband Austin Parrish, moved upon certain premises owned by the defendant. Austin Parrish was employed by the defendant but he soon took his departure, leaving both his employment and his family. Plaintiff and defendant thereupon cohabited freely and openly.
The defendant provided the plaintiff and her children with the necessities of life while the plaintiff actively assisted the defendant in the operation of a general merchandise store and in the cultivation of watermelons and citrus fruit on the defendant's properties. She performed various and substantial chores and at one time aided in a wartime hog butchering project in which the defendant was interested.
The plaintiff stated that she was not paid for any of the foregoing services. The defendant insisted to the contrary that she was fully paid as were his other employees. He conceded that there were a few business deals in which the parties acted in concert. He asserted, however, that these were isolated transactions in which the plaintiff received a full share of the profits and that there was never any general profit-sharing or property-sharing agreement between them. The plaintiff and the defendant were the only witnesses who testified directly on the issue of joint adventure, the plaintiff affirming and the defendant disavowing such agreement. We here interject the comment *100 that in treating of a joint adventure claimed as between husband and wife, it should be borne in mind that Florida is not what is known as a "community property" state.
A joint adventure, variably called joint venture, is a contractual relationship in the nature of a limited business partnership. It rests upon an express or implied agreement of two or more persons to combine their property or time or both in a specified course of business, or in a particular business transaction, and to share jointly on some stipulated basis in the profits and losses with each coadventurer having a proprietary interest and coordinate control and authority to bind the others with respect to the subject matter; and the burden of proving a joint adventure rests upon the party asserting its existence. See Kislak and Hotchkiss et ux. v. Kreedian, Fla. 1957, 95 So.2d 510; 30 Am.Jur. Joint Adventures, Section 1.
The evidence in the instant case was found legally insufficient to establish special equities in the defendant's properties or to prove the essentials of a joint adventure as alleged by the plaintiff. The plaintiff contends that this adverse decision resulted from undue prejudice against her on moral grounds which were impertinent to the real issue. It is true that the Chancellor looked askance at the blatant conduct of the plaintiff and the defendant. He was inclined to view the described services of the plaintiff as a transparent shield designed perhaps to lend an aura of respectability to the quasi conjugal activities of the parties. From a wholly unbiased viewpoint, however, a fair appraisal of the evidence justifies the Chancellor's conclusion that there appeared no special contributions by the plaintiff to the defendant's property holdings and that a general relationship of joint adventure was not established. It was correctly held, therefore, that the plaintiff was not entitled to special equities in the defendant's separate properties over and above her reasonable requirements of alimony. See Welsh v. Welsh, 1948, 160 Fla. 380, 35 So.2d 6.
We come now to consider the award of alimony in the form of cash and property. At the time of her divorce from the defendant the plaintiff held certain properties as her separate estate. In this connection there was some evidentiary conflict, but we think the findings of the Chancellor are consistent with the overall testimony. It was found that at the time of suit the plaintiff was vested with a home of an estimated value in excess of $25,000.00 located upon a ten acre tract of land partially planted in bearing citrus trees and that she was also vested with a separate two hundred and forty acre tract of land of the approximate value of $50,000.00. The latter property was shown to be under contract to sell for $46,000.00, with a down payment of $2,000.00 and the balance amortized over a period of years at 5% interest. The defendant, on the other hand, was vested with assets consisting of eighty acres of bearing citrus groves together with twenty acres in young groves and other lands and subdivision properties of the aggregate value of $290,000.00.
By the decree under review the plaintiff, already seised of her separate estate as described, obtained ten additional acres of bearing citrus trees and other acreage of a combined value of $15,000. She was also awarded $5,000 cash and $2,500 by way of compensation for her attorney. Thus, in separate property and by the provisions of the decree, the plaintiff is possessed of properties valued at about $90,000, or an estate approximating one-third the value of that of the defendant. Her estate in hand is comparable in value to her dower expectancy had she remained married to the defendant.
It would serve no good purpose to cite extensive authority or dwell at length on the definitive aspects of alimony as a substitute for marital support. We note, however, that there are limitations implicit *101 in the established criterion that an award of alimony should be predicated upon the wife's reasonable needs and the husband's ability to pay. This indicates, basically, that authority to award alimony is not intended to be used as a legal mechanism by which the court rewards the wife and penalizes the husband. Alimony implies reasonable sustenance and support rather than endowment, and the amount of the award rests within the sound judicial discretion of the Chancellor whose determination will not be disturbed in the absence of a clear abuse of discretion. See Kahn v. Kahn, Fla. 1956, 78 So.2d 367; 17 Am.Jur., Divorce and Separation, Sections 684, 685.
In a case cited by counsel herein the Supreme Court of Florida upheld an award in favor of an ex-wife which gave her one-third of her former husband's property by reason of special equities which were sufficiently established by the evidence. The court held, however, that in these circumstances no alimony should be paid by the husband for the benefit of the wife. See Dupree v. Dupree, 1945, 156 Fla. 455, 23 So.2d 554 and 1947, 158 Fla. 439, 28 So.2d 907.
We do not condone the conduct of the defendant in the case before us, but the situation from the standpoint of the plaintiff is not exactly analogous to that of the faithful but impecunious wife who at last is sorrowfully compelled to renounce her erring husband. Considering the plaintiff's conduct, her separate holdings of considerable value, her accustomed mode of living and her relatively short legal marriage, we cannot hold that the Chancellor clearly abused his discretion in the award of alimony as set forth in the decree.
The sum of $2,500 allowed the plaintiff by way of compensation for her attorney is essentially a part of the benefits accruing to her in conjunction with the award of alimony. This charge against the defendant appears not unreasonable, although the plaintiff submitted opinions favoring a larger sum. In the early stages of the litigation the plaintiff had another attorney who was paid for his services. We are also mindful that the divorce was not an adversary issue as between the parties. The plaintiff nevertheless had a justiciable case on the issues we have here expounded, and she was capably represented by her present attorney of record. See Cocalis v. Cocalis, Fla.App. 1958, 103 So.2d 230; 27A C.J.S. Divorce § 201c.
We are convinced that the decree appealed should not be disturbed.
Affirmed.
KANNER, J., and SANDLER, HARRY N., Associate Judge, concur.