228 So.2d 112 (1969)
Jack GREEN, Appellant,
v.
Jessie GREEN, Appellee.
No. 69-194.
District Court of Appeal of Florida. Third District.
November 4, 1969.
Rehearing Denied December 4, 1969.
Klein, Moore & Kline, Miami Beach, and Horton & Schwartz, Miami, for appellant.
Aronovitz, Zinn & Silver, Miami, for appellee.
Before PEARSON, C.J., and CHARLES CARROLL and BARKDULL, JJ.
CHARLES CARROLL, Judge.
This is an appeal from a final decree of divorce, filed by the husband who was the defendant below. The appeal challenges the correctness of the provision of the decree which determined that the wife was entitled to an equity in the husband's property amounting to one half thereof. The plaintiff wife cross assigned as error the refusal of the court to award her alimony, suit money and attorney fees. On consideration of the extensive record, and the briefs of counsel, we find no reversible error and affirm.
The parties married in August of 1945, in the city of New York where they then resided. Each had been married before. The husband is now 72 years of age, and the wife is in her fifties. No children were born of their marriage. In 1948 the parties moved to Florida, where they have since resided. On April 9, 1968, the wife filed this suit for divorce in Dade County. The cause was tried before the court, and a final decree was entered on July 17, 1969, which set forth findings of fact on the several issues and stated conclusions of law applicable thereto, as follows:
"1. Since the inception of the marriage between the parties, more than 23 years ago, plaintiff has consistently and upon a day-to-day basis worked and labored in the operation and management of four retail ladies' dress shops, two of which were operated and managed by the parties in New York City from 1945 through 1948, the third in Fort Lauderdale, Florida, from about 1949 through 1961, and the fourth in the 163rd Street Shopping Center, North Dade County, Florida, from 1961 to date; and that in recent years plaintiff has been *113 the sole operator and manager of the shop in North Dade County, Florida. Plaintiff's labor and industry consisted of purchasing merchandise, pricing merchandise, instructing personnel, hiring and firing personnel, cashiering, establishing policy and other matters and duties of business operation and management on a consistent day-to-day basis, frequently at 10 to 12 hours per day, and often seven days a week. The Florida stores were and are owned and operated by LaManana, Inc., a closed family Florida corporation.
"2. Plaintiff dutifully delivered her salary drawings to her husband as and when she received same, and did not retain salary or drawings for her contribution and efforts. Although defendant acknowledges a current net worth of $550,000.00 to $600,000.00, nevertheless to show for 23 years of material effort, labor and contribution, plaintiff has in her individual name only 50 shares of Texaco, Inc. stock which she purchased from the proceeds of an insurance policy which had matured. Approximately $90,000.00 in stocks is vested in joint names. Plaintiff has neither assets nor bank accounts to substantiate any accumulations, all of which appear either in defendant's individual name or in joint names. As an evaluation of plaintiff's contribution, the value of such services, measured in terms of salaries paid to shop personnel performing lesser duties and responsibilities than plaintiff, aggregated in excess of $150,000.00 over the 23-year period of the marriage. Productivity and earnings of each store toward which plaintiff materially contributed was clearly, unequivocally and to the exclusion of reasonable doubt, established by testimony of bookkeeper  Ann Kelly, accountant  Lawrence Plotkin, customer  Clara Pengra, salesmen  Arthur Ross and Walter Levitt, Shopping Center Manager  John Volonino, friend  Helen Appleman, and brother-in-law  Sidney Raphael, as well as by the exhibits introduced into evidence, including but not limited to, Plaintiff's Exhibits 1, 2, 3 and 5. The stores were profitable, and the corporate business accounts show the use of substantial funds for various personal needs of the parties. It is evident that the store operations produced funds used by the parties for living expenses and also supplied the means for defendant to acquire funds to use for the purpose of investing in stocks.
"3. Members of plaintiff's family, from time-to-time over the years of the marriage, loaned monies to the parties for use and investment in the various businesses, which sums, although repaid, were therefore additional contributions procured by plaintiff for the joint benefit of the business enterprises.
"4. The assets, particularly stock, in the individual name of defendant, and jointly, were accumulated through investments realized by monies derived during the marriage from the operation of the various businesses of the parties and toward which plaintiff made material contributions of labor and industry, and without which the aforesaid accumulation would not have been possible. The accumulation of stocks in defendant's name did not significantly occur or accrue by reason of earnings derived from trading in stocks and reinvestments therein. During the past several years defendant's increase in stock values has been a reflection of equity increases in stocks accumulated from monies earned or derived at earlier times from the retail businesses to which plaintiff had materially contributed her services and industry.
"5. Defendant traded stocks registered in plaintiff's name as if they were joint property, and treated and traded stocks registered in defendant's individual name as the jointly owned property of the parties (defendant's deposition, Pages 38-39, et seq.  admitted into evidence). Likewise, plaintiff and defendant at all times treated and operated the various businesses of the parties, as well as assets and investments, as the property of both, and as the fruits of an equal partnership.
*114 "6. During the marriage, and in addition to her participation in the businesses, plaintiff carefully nurtured defendant's needs, shepherded him to medical attention when required, and faithfully cared for him. She submerged her life into her business activities and her husband, devoting herself completely thereto until she learned that her husband had regularly sought the company of another woman.
"This court concludes as a matter of law that plaintiff is entitled to and should receive special equities in all of the defendant's property and assets owned individually, as well as all assets owned jointly by the parties, since plaintiff has contributed her industry and labor toward the accumulation thereof, and has significantly and materially participated over the years in achieving the wealth of the parties. [Citing numerous authorities.] This is a classic case establishing special equities in behalf of the wife. Plaintiff has established her special equities in the individual assets of defendant, and joint assets, to the exclusion of reasonable doubt and by clear, convincing and unequivocal testimony and evidence. Roberts v. Roberts, Fla.App. 1958, 101 So.2d 884."
Based on the foregoing, the court's decree granted the wife a divorce and implemented the findings and conclusions as to the equity of the wife in the husband's property.
The appellant husband contends the ruling as to the wife's equity in his property was against the manifest weight of the evidence, amounted to an unauthorized property settlement made by the court, and was an improper partition of his property. The appellee points out that the matter of her equity and the extent thereof in the husband's property, in addition to that which was jointly held by the parties, was placed in issue by the pleadings, and that there was competent substantial evidence to support the trial court's findings and the decision in that respect.
Our examination of the record leads us to conclude that on the facts of this particular case the challenged ruling relating to the wife's equity was justified under the applicable law, and supported by competent substantial evidence. See Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727; Engebretsen v. Engebretsen, 151 Fla. 372, 11 So.2d 322, 329; 10 Fla.Jur., Divorce, § 209 at 617-618.
In denying the wife's application for alimony and suit money the decree provided as follows: "That plaintiff's prayers for permanent alimony, suit money and attorneys' fees are hereby denied, in view of the award of special equities herein granted to plaintiff, and plaintiff's ability thereby to support herself and pay her own attorneys' fees and suit money." In the circumstance of this case we hold that the foregoing ruling of the trial court was not an abuse of discretion. DuPree v. DuPree, 158 Fla. 439, 28 So.2d 907, 908-909; Kahn v. Kahn, Fla. 1955, 78 So.2d 367; 10 Fla. Jur., Divorce, § 167 at 570.
Affirmed.