349 So.2d 1194 (1977)
IMPERIAL POINT COLONNADES CONDOMINIUM, INC., Appellant,
v.
FREEDOM PROPERTIES INTERNATIONAL, INC., a Florida Corporation, Mary Magdalene Heugel, a Single Woman, and Kenneth Eugene Heugel, Appellees.
No. 76-1467.
District Court of Appeal of Florida, Fourth District.
August 9, 1977.
Rehearing Denied October 17, 1977.
William K. Gordon of Berryhill, Avery, Schwenke, Williams & Scott, P.A., Fort Lauderdale, for appellant.
Robert S. McConnaughey, Fort Lauderdale, for appellees.
KANEY, FRANK N., Associate Judge.
This is an appeal from a Summary Judgment denying Appellant, who was the Plaintiff below, all the relief it sought.
*1195 The appellant is a condominium association vested with the authority and responsibility for the administration of the condominium including the enforcement of the Declaration of Condominium.
Article XII, Section G of the Declaration of Condominium speaks to the conveyance of apartment units. This section required that an apartment owner obtain written approval from Appellant for the sale of the apartment unit. This was to be accomplished by notifying Appellant of the sale and its terms, submission of the prospective purchaser to an interview with Appellant, and paying an investigation or transfer fee for credit information. Section G(5) of Article XII assesses a sum equal to 1 per cent of the agreed purchase price which must be paid into a Contingency Reserve Fund, prior to the Appellant approving the sale of any apartment unit.
This Declaration of Condominium was recorded in the Broward County public records in 1965.
On September 6, 1974, the Appellees, Heugel, transferred their apartment in Imperial Point to the Appellee, Freedom Properties International. No effort was made by any of the Appellees to comply with Section G of Article XII of the Declaration of Condominium.
On October 1, 1974, some twenty-four days after the sale by Appellees, Florida Statute Section 711.08(2) became effective. This statute provided that no fee shall be charged in connection with a transfer or approval in excess of the expenditures reasonably required for credit report expenses and this charge could not exceed $50.00. Prior to this statute, there was no limitation on expenses or fees that could be charged.
It was not until March of 1975, that Appellant discovered the Appellees' transfer of property. After failing to secure voluntary compliance with Article XII, Section G, Appellant filed suit seeking either compliance or voidance of the transfer.
At the joint motion for Summary Judgment the trial court ordered Appellee to comply with the requirements of Subsection G except the payment of the 1 per cent fee to the Contingency Reserve Fund. The Circuit Court found that this was a transfer fee in excess of $50.00 and thus barred by F.S.A., Section 711.08(2). We disagree and reverse.
Because of our determination on other grounds, we do not address the question of whether this is a transfer fee or not.
The sale by the Heugels to Freedom Properties International took place and became effective twenty-four days before there was any law in Florida limiting transfer fees or other approval expenses. The fact that Appellees concealed the sale for some six months does not alter the fact that the 1 per cent assessment became due on September 6, 1974.
A statute is not operative as law until the date at which it takes effect. Neisel v. Moran, 80 Fla. 98, 85 So. 346 (Fla. 1919), and it operates prospectively unless the intent that it operate retrospectively is clearly expressed. Springer v. Colburn, 162 So.2d 513 (Fla. 1964).
There is no clear intent that F.S.A., Section 711.08(2) operates retrospectively and thus Section G(5), Article XII, of the Declaration of Condominium was a lawful and enforceable provision on September 6, 1974.
There is another matter which needs to be addressed by this Court. Appellees did not favor this Court with a brief and of course did not participate in oral argument. Such conduct is a distinct disservice not only to this Court but also to the trial court which ruled in their favor. This is a practice which should be soundly condemned by the Bar.
This cause is reversed with instructions to enter an order requiring compliance with Section G(5), Article XII, of the Declaration of Condominium for voidance of the transfer.
REVERSED, with directions.
*1196 MAGER, J., concurs.
DAUKSCH, J., concurs in conclusion only.