ZEHMER, Judge.
Joan G. Poole appeals from an order determining the value of her special equity in property held in the name of her former husband, Henry Benjamin Savage, and from orders pertaining to the sale of that property and distribution of the sale proceeds. The facts are as follows.
In May of 1981, Poole and Savage’s marriage was dissolved. Subsequently, a hearing to determine the parties’ respective property interests was held and, on February 18, 1982, a supplemental final judgment determining those property interests was entered. In that supplemental final judgment, the trial judge granted Poole a special equitable interest in a parcel of land Savage owned individually, Lot 29, in the amount of one-half of the equitable value in the property over and above all existing mortgages. The trial court provided the *983 following formula for determining Poole’s interest:
The equitable value in said property shall be determined by arriving at the fair market value of the above-described property, and deducting the outstanding indebtedness due thereon, and dividing the net equity by one-half (⅝⅛).
Poole appealed the supplemental final judgment alleging as error the trial court’s decision denying her a special equity in Lot 20, a parcel of land adjoining Lot 29 and also held in Savage’s name. This court affirmed the supplemental final judgment without opinion.
On May 16, 1986, pursuant to Savage’s motion, the trial court entered an order compelling the sale of Lot 29. The court ordered both parties to execute all instruments necessary to convey the property, and also ordered Savage to deposit the net proceeds from the sales of Lot 29 and Lot 20 into the court registry.
On June 2, 1986, the trial court adjudicated Poole in contempt of court for failing to execute the deed to Lot 29 in compliance with its earlier order, and on June 3, 1986, the court entered an order directing the sheriff to take Poole into custody until she executed the deed. Poole immediately complied with the order, executing the deed.
On September 16, 1986, the trial court entered an order finding Poole entitled to $27,350.00, a figure representing one-half of the net equity in Lot 29 as of February 18,1982, the date of the supplemental final judgment.
Poole appeals the latter order, contending that the trial court’s valuation of her special equity was in error because it was based on the fair market value of the property as of the date of the supplemental final judgment in 1982, rather than the date the property was sold in 1986, and it was based on erroneous findings of the indebtedness encumbering the property. She also appeals the contempt order, contending that the trial court erred in adjudicating her in contempt of court for failing to execute the deed to Lot 29.
The trial court’s 1982 supplemental final judgment effectively awarded Poole a one-half equitable interest in Lot 29, which thereafter became jointly held property until sold. A special equitable interest in property is a vested property interest, Duncan v. Duncan, 379 So.2d 949, 952 (Fla.1980), which is subject to appreciation and depreciation, Landay v. Landay, 429 So.2d 1197 (Fla.1983); Du Pree v. Du Pree, 158 Fla. 439, 28 So.2d 907 (Fla.1947). In Du Pree, id., the Florida supreme court held that the value of the wife’s interest was not to be fixed as of the date of the final decree awarding her an equitable interest of one-third of her husband’s properly, but that she was entitled to a one-third share of the profits derived from that property until such time as a full accounting was closed and her one-third interest had been fully paid. Id. at 908. The same principle is applicable here, and Poole’s interest should be valued as of the date of the sale, rather than when the 1982 judgment was entered. However, after redetermining the value of Poole’s interest in Lot 29 as herein specified, the lower court should deduct from that value one-half of the expenses Savage incurred in defending the boundary line of Lot 29 and one-half of the mortgage, tax and insurance payments on Lot 29 that Savage made on behalf of both parties between the date of the supplemental final judgment and the date the property was sold. See Hoyt v. Hoyt, 457 So.2d 599 (Fla. 1st DCA 1984).
Poole next argues that the trial court’s calculation of the value of her interest was also error in that the record does not support the determination of outstanding indebtedness on Lot 29. The trial court determined that
The following constituted outstanding debts as of February 18, 1982, on said property, to-wit: First Federal Savings and Loan Association, Park Bank, $18,-000.00, Marie Kearney, $9,800.00, Commercial Bank, $6,000.00. The total indebtedness on said date then amounted to $75,300.00.
Obviously, the amount of the debt owed First Federal Savings and Loan Association is absent from the above statement. Basic *984 mathematics, however, supports the conclusion that the court found the First Federal debt to be $41,500.00, and the record supports this implicit finding. The record also supports the finding of indebtedness to Marie Kearney. The court erred, though, in attributing an $18,000.00 Park Bank debt to Lot 29 only, as the record shows that that mortgage encumbers both Lots 20 and 29 and that the outstanding balance as of February 1, 1982, was $13,115.64. Furthermore, the finding of a $6,000.00 debt to Commercial Bank is wholly unsupported in the record, as the Commercial Bank mortgage states that it is a second mortgage on Lot 20 rather than Lot 29. The record does not reflect that the reference to Lot 20 in this document is in error. Because the record does not support the trial court’s valuation of the indebtedness to Park Bank and Commercial Bank, we must reverse and remand for further proceedings to determine such indebtedness. The court may take additional evidence if necessary.
Poole complied with the court’s order to execute the instruments necessary to convey Lot 29, so the contempt order has been discharged. The contempt issue, therefore, is moot and no longer subject to appellate review.
REVERSED AND REMANDED.
SHIVERS, J., and PEARSON, TILLMAN (Ret.), Associate Judge, concur.