DAMOORGIAN, J.
 

 Linda Hahn (“former wife”) appeals the trial court’s final order modifying the parties’ judgment of dissolution of marriage as to visitation and child support. The former wife raises multiple issues on appeal, but we write only to address her argument that the trial court erred by retroactively applying the 2008 amendments to section 61.13, Florida Statutes,
 
 [1]
 
 in order to decide issues regarding modifications to the child visitation and support. Because we agree with the former wife, our holding obviates the need to address the remaining issues on appeal as the trial court, on remand, will be required to conduct a new hearing on all issues originally raised below.
 

 In 2005, the trial court issued a final
 
 [1]
 
 judgment of dissolution of marriage between the former wife and Jack Hahn (“former husband”) incorporating a mediated settlement agreement. The agreement provided that the former husband would pay child support and that each party would enjoy shared parental responsibility, with the former wife as the children’s primary residential parent.
 

 In 2007, the former wife filed a petition for modification of child support and visitation because of the former husband’s alleged increase in income and relocation outside of Florida. The former husband counter-petitioned, alleging that he was unemployed and moving out of State to seek employment. Given his situation, the
 
 *947
 
 former husband also sought a modification of time-sharing, visitation, and child support.
 

 At the hearing on pending petitions, the court noted that the 2008 amendments to section 61.13 were applicable to the case and created a presumption of 50/50 time-sharing between the parties because of the Legislature’s removal of references to “primary residential parent.”
 
 [2]
 
 After applying section 61.13, as amended, the court modified the final judgment of dissolution of marriage by (a) removing the former wife’s designation as the primary residential parent; (b) ordering that the parties have 50/50 time-sharing with their children; and (c) reducing the former husband’s child support obligation based on its ruling that the parties would now have a 50/50 time-sharing.
 

 The former wife argues that the trial court erred by (a) retroactively applying the 2008 amendments to section 61.13 to modify visitation and child support and (b) holding that the amendments created a presumption of 50/50 time-sharing.
 

 “Statutory interpretation is a question of law subject to de novo review.”
 
 Murray v. Mariner Health,
 
 994 So.2d 1051, 1056 (Fla.2008). When construing a statute, an appellate court must strive to effectuate the Legislature’s intent.
 
 Borden v. East-European Ins. Co.,
 
 921 So.2d 587, 595 (Fla.2006). “ ‘When the statute is clear and unambiguous, courts will not look behind the statute’s plain language for legislative intent or resort to rules of statutory construction to ascertain intent.’ ”
 
 Id.
 
 (quoting
 
 Daniels v. Fla. Dep’t of Health,
 
 898 So.2d 61, 64 (Fla.2005)).
 

 “A statute is not operative as law until the date at which it takes effect[,] and it operates prospectively unless the intent that it operate retrospectively is clearly expressed.”
 
 Imperial Point Colonnades Condo., Inc. v. Freedom Props. Int’l, Inc.,
 
 349 So.2d 1194, 1195 (Fla. 4th DCA 1977) (citations omitted);
 
 see also Horn v. Florida Dep’t of Revenue ex rel. Abel,
 
 752 So.2d 687, 688 (Fla. 3d DCA 2000) (“ ‘This rule applies with particular force to those instances where retrospective operation of the law would impair or destroy existing rights.’” (quoting
 
 State v. Lavazzoli
 
 434 So.2d 321, 323 (Fla.1983))).
 

 In this case, although the trial court correctly noted that the 2008 amendments to section 61.13 removed references to “primary residential parent,” the court’s retroactive application of these amendments to remove the former wife’s designation as the “primary residential parent” and establish 50/50 time-sharing between the parties clearly impaired the former wife’s existing rights over her children.
 
 See Horn,
 
 752 So.2d at 688. The inclusion of the October 1, 2008, effective date for the amendments also rebuts any argument that retroactive application of section 61.13, as amended, was intended by the Legislature.
 
 See State Dep’t of Revenue v. Zuckerman-Vernon Corp.,
 
 354 So.2d 353, 358 (Fla.1977);
 
 see also Imperial Point Colonnades Condo., Inc.,
 
 349 So.2d at 1195;
 
 Poole v. Savage,
 
 561 So.2d 360, 363 (Fla. 1st DCA 1990) (“Section 61.13 has no retroactive application.” (citing
 
 Malchiodi v. Malchiodi,
 
 431 So.2d 301, 301 (Fla. 3d DCA 1983) (holding that the Shared Parental Responsibility Act has no retroactive application to child custody judgments
 
 *948
 
 which became final before the effective date of the Act))). We hold the trial court erred in applying the 2008 amendments to section 61.13 in order to resolve the issues raised by the parties’ respective petitions.
 

 Even assuming that the trial court did not err in retroactively applying the 2008 amendments to the case, the court was incorrect to conclude that the amendments created a presumption of 50/50 time-sharing. Based on a strict interpretation of section 61.13, as amended, the trial court must still “determine
 
 all
 
 matters relating to parenting and time-sharing of each minor child of the parties in accordance with
 
 the best interests of the child[.]”
 
 § 61.13(2)(c)l., Fla. Stat. (2008) (amended Oct. 1, 2008) (“There is no presumption for or against the father or mother of the child when creating or modifying the parenting plan of the child.”) (emphasis added);
 
 see also Cobo,
 
 13 So.3d at 501 n. 4 (Following the 2008 amendments, section 61.13 “still requires the lower court to consider factors to determine the best interests of the child.”). Accordingly, on remand, the trial court must conduct a new hearing on all the issues consistent with this opinion.
 

 Reversed and Remanded.
 

 STEVENSON and LEVINE, JJ„ concur.
 

 [1]
 

 . § 61.13, Fla. Stat. (2008) (amended Oct. 1, 2008).
 

 [2]
 

 .
 
 See Cobo v. Sierralta,
 
 13 So.3d 493, 501 n. 4 (Fla. 3d DCA 2009) ("[Effective October 1, 2008, the Florida Legislature amended various sections of Chapter 61, including section 61.13, to remove the references therein to 'custody,' 'primary residence,' 'primary residential parent,’ and 'visitation' in favor of a 'parenting plan’ that includes 'time sharing.’ ”);
 
 In re Amendments to the Florida Family Law Rules,
 
 995 So.2d 445, 445 (Fla.2008).