CIKLIN, J.
 

 Justin Knowles (the “former husband”) appeals the trial court’s final order denying his post-dissolution petition to modify the custody and visitation arrangements for his and his former wife’s two minor children. Because the trial court’s order was based on an erroneous legal conclusion regarding the effect that a post-dissolution agreed order had on the current parenting plan and time-sharing schedule, we reverse and remand for a new evidentiary hearing.
 

 The former husband and the former wife have been married and divorced twice. The first action was filed in 2004 and resulted in a final judgment of dissolution of marriage entered in March 2005 (the “2004 case”). The second action was filed in 2006 and resulted in a final judgment of dissolution of marriage entered in Novem
 
 *871
 
 ber 2006 (the “2006 case”). In the 2006 final judgment, the Honorable Jack H. Cook found that it was in the best interests of the parties’ two minor children that neither party be designated the primary residential custodian of the children.
 
 [1]
 
 The parties were to have shared parental responsibility and co-primary residential custodianship of the minor children.
 

 On November 5, 2007, Judge Cook entered an agreed order on primary residential custodianship (the “2007 agreed order”) effectively modifying the 2006 final judgment and giving the former husband primary residential custodianship. In an apparent scrivener’s error, the 2007 agreed order was filed with the 2004 case rather than the 2006 case.
 

 In July 2009, the former husband filed a pro se petition to modify the custody and visitation arrangements for the minor children. The former husband requested, among other relief, that the court grant the former wife “regular state visitation.” According to the former husband’s initial brief, the purpose of this petition was to have the trial court designate the former wife as a “secondary residential parent” and then designate a visitation schedule in accordance with the Fifteenth Judicial Circuit’s Model Time Sharing Schedule. Subsequently, in August 2009, the former wife filed her own pro se petition to modify the parenting plan requesting that she be designated as the “primary residential custodian.”
 

 In December 2009, both parties attended a hearing on their petitions before a magistrate. Neither party was represented by counsel at the hearing. Subsequently, the magistrate issued her report. The magistrate found the current custodial relationship to be that which was specified in the 2006 final judgment: shared parental responsibility and co-primary residential custodianship of the minor children.
 

 The magistrate recognized that the 2007 agreed order designated the former husband as primary residential custodian of the minor children, but erroneously concluded that because the 2007 agreed order was filed with the 2004 case, the 2007 agreed order was superseded by the earlier 2006 final judgment. The magistrate concluded by finding that there had not been a substantial change in circumstances since the 2006 final judgment was entered. Therefore, the magistrate recommended that the trial court deny both petitions.
 

 In January 2010, the subsequent trial court entered a final order incorporating by reference the findings of the magistrate and denying both the former husband’s and the former wife’s petitions to modify the parenting-plan/time-sharing schedule. The trial court further ordered the parties to adhere to all provisions in the 2006 final judgment concerning shared parental responsibility, time-sharing, and visitation. The former husband filed a pro se motion for rehearing and subsequently, with the assistance of counsel, an amended motion for rehearing. In both motions, the former husband argued that the trial court erred by ignoring the 2007 agreed order and instead reverting to the 2006 final judgment. After the trial court summarily denied the former husband’s amended motion for rehearing, the former husband
 
 *872
 
 filed a timely notice of appeal and this appeal follows.
 

 The former husband argues that the trial court committed reversible error in concluding that the 2007 agreed order was superseded by the 2006 final judgment. We agree. The 2007 agreed order was intended to and did modify the 2006 final judgment of dissolution of marriage, which was rendered by the same judge. The error in filing the 2007 agreed order with the 2004 case rather than the 2006 case does not change the legal effect of that order.
 
 [2]
 

 The trial court’s error in concluding that the 2007 agreed order had been superseded compels us to reverse its January 11, 2010 order denying the parties’ petitions to modify the parenting plan/time-sharing schedule. The 2007 agreed order specified the parenting plan and time-sharing schedule that the former husband and former wife were legally required to follow. These arrangements could not be modified by the trial court without a showing of a substantial, material, and unanticipated change in circumstances.
 
 See
 
 § 61.13(3), Fla. Stat. (2011) (“A determination of parental responsibility, a parenting plan, or a time-sharing schedule may not be modified without a showing of a substantial, material, and unanticipated change in circumstances and a determination that the modification is in the best interests of the child.”); § 61.13(2)(c) (“Modification of a parenting plan and time-sharing schedule requires a showing of a substantial, material, and unanticipated change of circumstances.”);
 
 Wade v. Hirschman,
 
 903 So.2d 928, 931 n. 2 (Fla.2005).
 

 The trial court’s order denying the parties’ petitions to modify the custody arrangements, however, modified this parenting plan and time-sharing schedule by reverting the arrangements to those specified in the 2006 final judgment. Because the trial court explicitly found that there had been no change in circumstances, this modification was contrary to established law.
 

 Accordingly, we reverse the trial court’s order denying the former husband’s petition to the extent that the order modifies the child custody and visitation arrangements from that specified in the 2007 agreed order. Furthermore, we remand with instructions for the trial court to hold a new hearing on both parties’ petitions to determine if there has been a substantial, material, and unanticipated change in circumstances since the 2007 agreed order, and if so, to determine if modification of the custody arrangement specified in the 2007 agreed order is in the best interests of the children.
 
 [3]
 

 Reversed and remanded with instructions.
 

 GERBER and CONNER, JJ., concur.
 

 [1]
 

 . We recognize that in 2008, “the Florida Legislature amended various sections of Chapter 61, including section 61.13, to remove the references therein to 'custody,' ‘primary residence,’ 'primary residential parent,' and 'visitation' in favor of a ‘parenting plan’ that includes 'time sharing.' ”
 
 Hahn v. Hahn,
 
 42 So.3d 945, 947 n. 2 (Fla. 4th DCA 2010) (citation and quotation marks omitted). Nevertheless, as the 2008 amendments were prospective only, we continue to use the pre-2008 terminology when referring to custody orders that pre-date the amendments.
 
 See id.
 
 at 947-48.
 

 [2]
 

 . While this appeal was pending, this court, in response to a motion by the former husband, has directed the clerk of the circuit court to amend the 2007 agreed order such that it properly reflects the 2006 case number.
 

 [3]
 

 . A new evidentiary hearing is required because the magistrate at the 2009 hearing used the wrong benchmark to determine if there had been a substantial, material, and unanticipated change in circumstances that would warrant modification of the custody arrangements. Furthermore, because the magistrate originally concluded that there had been no material change in circumstances, the magistrate made no findings regarding the best interests of the children.
 
 See
 
 § 61.13(3)(a)-(t), Fla. Stat. (2011).