DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ARLENE J. PREUDHOMME,**
Appellant,

v.

**GARTH F. BAILEY,**
Appellee.

No. 4D17-2308

[October 24, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrea Gundersen, Judge; L.T. Case No. FMCE09-007641(41)(93).

Arlene Preudhomme, Pembroke Pines, pro se.

No brief filed for appellee.

WARNER, J.

Appellant, the former wife, raises multiple challenges to a post-dissolution final order which, among other provisions: 1) denied appellant's motion for contempt directed at the former husband; 2) denied appellant's motion to have custody of the parties' children's passports; 3) directed that the parties communicate through a different online service than that designated in the original final judgment; and 4) held the appellant in contempt for allowing her children to be tardy to school. We reverse the order holding appellant in contempt, and the associated attorney's fee award, because of the lack of specific terms of the final judgment with respect to the children's tardiness in school attendance. We also reverse the modification of the communication system, as no party requested this relief nor was there evidence presented to support such a modification. We affirm as to all the remaining issues raised.

The parties divorced in 2010. They have one daughter and two younger sons. The original final judgment of dissolution was appealed and reversed for further proceedings in *Preudhomme v. Bailey*, 82 So. 3d 138 (Fla. 4th DCA 2012). A subsequent final judgment directed equitable distribution of the marital property and established a parenting plan that gave the

parties shared parental responsibility. It ordered the parties to communicate over Our Family Wizard.

During the post-judgment period, the parties had many issues with respect to visitation. The former husband contended that the former wife made the daughter, and later the youngest son, unavailable for visitation. The former wife argued that the former husband failed to provide a timely, detailed itinerary when he took the children on international travel, as the final judgment required the parties to provide at least ten days' notice and a detailed itinerary of any foreign travel. Multiple motions for contempt were filed, as well as motions to prevent the former husband's international travel with the children.

All of the issues pending between the parties were presented to the court in one hearing. One of the issues litigated was the wife's request that she be granted custody of the children's passports. The court also heard evidence regarding the children's tardiness at school. The former wife testified that the former husband frequently did not communicate over Our Family Wizard, and the former husband admitted that he had failed to renew his paid subscription to the service for a few weeks.

After hearing all of the evidence, the court denied the former wife's motion for contempt against the former husband, concluding that the various violations of the parenting plan claimed by the wife were not sanctionable. The former wife also had moved for contempt based upon the former husband's alleged perjury with respect to testimony regarding equitable distribution and one of the former husband's motions for enforcement. The trial court found the claims to be moot.

The court did find that the former wife was in contempt of the parenting plan because of the children's tardiness to school while in her care. The court denied her request for possession of the children's passports, and it directed the husband to hold the passports other than when the former wife was travelling with the children. It further directed the former wife to request the passports from the former husband via www.talkingparents.com when the wife desired to take the children out of the country. The court also adjudicated the remaining claims of equitable distribution, none of which are at issue in this appeal.

On appeal, the former wife raises multiple issues. First, she contends that the court erred in disposing of all the remaining issues in the case, including the equitable distribution, in one final judgment. We find that the court did not err in entering one final order, rather than multiple orders, on the outstanding issues in the case. Second, she argues that

the court erred in denying her motion for contempt and for enforcement of the parenting plan against the former husband. The court found that the violations of the provisions of the parenting plan were not willful, and it declined to sanction the former husband. A decision to hold a party in contempt is within the discretion of the trial court, and a court is not obligated to find a party in contempt even where there is a factual basis for such relief. *See Milton v. Milton*, 113 So. 3d 1040, 1040-41 (Fla. 1st DCA 2013). Thus, the trial court did not abuse its discretion in this case.

Appellant also claims that the court modified the final judgment without any pleading requesting such relief when it directed the former husband to retain the passports. That is incorrect, as the former wife had requested possession of the passports in her pleadings, and she addressed this issue and presented evidence on it at the final hearing. The former husband had possession of the passports, and the court simply maintained the status quo. Thus, the court did not err because this issue was tried by the former husband's consent. *See Da Cunha v. Mann*, 183 So. 3d 1113, 1115-16 (Fla. 3d DCA 2015) (noting a party can give its implied consent to the trial of an unpled issue by not objecting to questioning on the issue).

The former wife also argues that the court modified the final judgment by changing the means of communication between the parties from Our Family Wizard to talkingparents.com. We point out that the court ordered the parties to communicate by talkingparents.com only as to requests by the former wife for the children's passports. It appears that the court ordered use of this website because it was free, as opposed to a subscription service.

A parenting plan cannot be modified unless there is "a showing of a substantial, material, and unanticipated change in circumstances . . . ." *Knowles v. Knowles*, 79 So. 3d 870, 872 (Fla. 4th DCA 2012) (citing § 61.13(3), Fla. Stat. (2011)). While a change in the mode of communication between the parents may seem sufficiently minor, so as not to require findings of a substantial change in circumstances, and that modification is in the best interests of the children, we note that "the methods and technologies" used to communicate with a child are of such sufficient importance that the legislature directed that a parenting plan include those methods as a required element. *See* § 61.13(2)(b)4., Fla. Stat. The same importance attaches to the mode of communication between the parents, as a reliable web communication service can keep track of the communications and may provide significant evidence in contempt or modification proceedings.

3

There is no information in the record as to the reliability of either service. Here, the trial court modified the final judgment without any request by the parties, without the issue being tried by implied consent, and without any ability of the parties to contest the change. Under these circumstances, the trial court erred.

Finally, appellant challenges the trial court's order finding her in contempt because of the children's tardiness from school, which the court found was a violation of the parenting plan. However, the final judgment, including the parenting plan, did not contain an express provision on school attendance and did not address the issue of school tardiness. Thus, appellant was not adequately apprised of the consequences of delivering the children late to school. Our standard of review is de novo when the court bases its finding of contempt upon a party's noncompliance with an order's provisions which do not proscribe the conduct found to be contemptuous. *Wilcoxon v. Moller*, 132 So. 3d 281, 286 (Fla. 4th DCA 2014).

"Implied or inherent provisions of a final judgment cannot serve as a basis for an order of contempt." *DeMello v. Buckman*, 914 So. 2d 1090, 1094 (Fla. 4th DCA 2005). A court may not hold a party in contempt for violation of an order if the order's commands and directions are not clear. *Keitel v. Keitel*, 716 So. 2d 842, 844 (Fla. 4th DCA 1998). Because the final judgment contained no provision prohibiting tardiness at school caused by the parties, the former wife could not be held in contempt on this basis. Therefore, the court erred in finding appellant in contempt and also in awarding the appellee attorney's fees for the contempt.

We thus reverse those portions of the final judgment modifying the communication service to talkingparents.com. Instead, we direct that Our Family Wizard be reinstated as the communication service. We also reverse the finding of contempt against appellant and the award of attorney's fees to the appellee for pursuing that contempt. We affirm the final judgment as to all other issues raised.

Affirmed in part, reversed in part, and remanded to correct the final order consistent with this opinion.

MAY and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

4